ALBANY,<br>
Feb. 1811.<br><br>
MUMFORD<br>
v.<br>
PH. INS. Co.

---

THOMAS <em>against</em> ROOSA.

THIS was an action of *assumpsit*. The declaration contained two counts on two several promissory notes. The second count was on a note by which the defendant promised to pay the plaintiff " in a good horse, to be worth, with saddle and bridle, eighty dollars, and goods out of the store amounting to twenty dollars," &c., by &c. it was held, after verdict, that the reference to the statute might be rejected as surplusage, and the defect in assigning the breach was aided by the verdict, so that the court would intend that a sufficient breach was proved.

Where a promissory note, payable in <em>chattels</em>, was declared upon as under the statute; and the breach assigned was that the defendant did not pay the money mentioned in the note,

THOMAS
v.
ROOSA.

reason whereof, and by force of the statute in such case made and provided, " the defendant became liable to pay, &c. and being so liable, &c. undertook, &c.; yet the defendant not regarding, &c. " hath not paid the said several *sums of money* in the said notes mentioned, nor any part thereof," &c.

At the trial of the cause, at the circuit in *Sullivan* county, in *September*, 1810, a general verdict was taken for the plaintiff for the sums due on both notes.

*Caines*, for the defendant, moved in arrest of judgment, 1. Because the note in the second count was declared on under the statute; and, 2. Because the breach was ill assigned. He cited 1 *Saund.* 32. 2 *Saund.* 181. b. 1 *Saund.* 228. *Com. Dig. Plead.* (C.) 45. 49.

*Fisk*, contra.

*Per Curiam.* The note in the second count was payable in chattels, and so was not a promissory note under the statute, but the reference to the statute may be rejected as surplusage, and is good after verdict. Nor was any request requisite to be specially averred and proved, for a request was not parcel of the contract. The contract is sufficiently set forth, and was a valid one. Any defect or inaccuracy in assigning the breach is aided after verdict, for the court will intend that damages could not have been given, if a good breach had not been shown. (2 *Jones*, 125. *Anon. Skinner*, 344. *Knight* v. *Keech.*) There is no ground for the motion in arrest of judgment, and it must be denied.

Motion denied.