## DANIEL P. DROWN *vs.* JOSEPH SMITH.

3  299
66  317

A note given for specific articles cannot be declared upon as a bill; but if in such a case a plaintiff have so declared, the allegation, that the promise was made *by a note*, may be rejected as surplusage.

When a plaintiff declares upon a written instrument as bearing a particular date, a mistake of the date is a fatal variance; but when he declares upon the contract, without any reference to the written instrument, it is not material on what day the promise is alleged to have been made; unless the nature of the contract has made the day material.

Where a deputy sheriff delivered goods, which he had attached upon mesne process, to a person, who gave him a written contract to keep them safely, and return them upon demand, and in such contract the value of the goods was stated, it was held, that in an action upon the contract, the value thus stated was conclusive upon both parties.

And in such a case, where all the articles were valued at a gross sum, it was held, that the sheriff was not compelled to take any of the goods, unless the whole were tendered; it appearing that the bailee had sold the goods not tendered.

ASSUMPSIT, for that the defendant on the 22d December, 1822, having received of the plaintiff certain books, &c. of the value of $2315, in consideration thereof by his note or memorandum in writing, dated the 22d December aforesaid, promised the plaintiff safely to keep the same, at his own expense, and return the same to the plaintiff on demand, the same being valued at $2315.

Also, for that on the 2d December, 1822, in consideration that the plaintiff, at the special instance and request of the defendant, had delivered to the defendant certain articles, &c. to be safely kept at the defendant's expense for the plaintiff, the defendant undertook and promised the plaintiff, that he would safely keep the said articles at his own expense, and return the same to the plaintiff on demand.

The cause was tried here at February term, 1825, upon the general issue, when the plaintiff, to prove the contract alleged in his declaration, gave in evidence to the jury a memorandum in writing, containing a list of the books, &c. and a contract under it, in the following words :

" Exeter, December 22, 1822. Received of *D. P.* " *Drown*, deputy sheriff, the articles mentioned in the fore- " going schedule, which I promise safely to keep, at my own " expense, and return the same to him, or his order, on de- " mand, the same being valued at two thousand three hun- " dred and fifteen dollars.

" JOSEPH SMITH."

To the admission of this in evidence the defendant object- ed ; but it was admitted, and the plaintiff proved a demand of the articles, and a neglect of the defendant to deliver them.

The defendant admitted, that he had sold and disposed of a considerable portion of the books, &c. but he offered to prove a tender of the residue to the plaintiff, in part dis- charge of his contract. He also offered to prove, that the estimated value of the articles was higher than the true val- ue at the time of the demand.

But the court being of opinion, that under the circumstan- ces the plaintiff was under no obligation to accept a part of the goods, and that the sum, mentioned in the contract, was the stipulated price, for which the defendant was bound to account, rejected the testimony thus offered ; and a verdict was taken for the plaintiff for the $2315, and interest from the time of the demand, subject to the opinion of the court upon the above case.

*Tilton*, for the plaintiff.

*Sullivan* and *Woodbury*, for the defendant.

Richardson, C. J. delivered the opinion of the court.

The objection, that the written contract was not admissible in evidence upon either count in this case, must be overruled. It is true that the contract, being for the delivery of specific articles, could not be declared upon as a bill. *Chitty on Bills,* 39.—5 *D. & E.* 482, *Carlos vs. Fancourt.*

But the first count states a good consideration ; and, al- though the promise of the defendant is alleged to be " by his " note," that may be rejected as surplusage, and then that count will be a proper count upon the contract, and will be

proved by the memorandum signed by *Smith.*　7 *John.* 461, *Thomas vs. Roosa.*

The second count is upon the contract. But it is objected, that the date of the memorandum varies from the date stated in that count. It is however well settled that, although when a plaintiff declares upon a written instrument, as bearing a particular date, a variance from the date stated is fatal ; yet, when a count is founded upon a contract, it is not important what day is laid, unless the date be made material by the nature of the contract. *Lawes Pl. in Assumpsit,* 92.

In the contract stated in this count, there is nothing, that renders the day when it was made material.

It is also contended, that the defendant was not bound by the estimated value of the goods in the receipt, but ought to have been permitted to shew the true value at the time, when the demand was made, in order to enable the jury to assess the damages according to the real value. But we cannot adopt the defendant's construction of the written agreement. We cannot bring ourselves to believe, that the value was inserted in the agreement, merely to fix the value at the time the agreement was made ; because it does not seem to us, that it would have been of any importance to either party, to fix the value at that particular period. But we are of opinion, that the value was inserted, in order to fix the extent of the defendant's liability, in case the goods were not returned. It is very obvious, that this might be very useful to both parties. It saved the plaintiff the trouble and expense of proving the value ; and it shewed the defendant the utmost extent of his liability. Indeed, it determined between the parties the value of articles, whose value was very uncertain and very difficult to ascertain, and saved both parties from all trouble on that subject, in case the goods were not returned. It has been urged, that the terms of the contract indicate, that the intent was, to fix the value merely at the time the defendant received the books, " the " same *being* valued at two thousand three hundred and fif- " teen dollars." But in giving a construction to a contract

Brown
*vs.*
Smith.

of this kind, we must look beyond the mere forms of expression, to the intent of the parties, and give effect to that intent, whatever may have been the mode of expression; and, after mature consideration of the subject, we cannot doubt, that the goods were valued in the receipt, in this case, in order to fix their value in any dispute, that might arise concerning them. We are therefore of opinion, that this objection must be overruled.

But it is further objected, that if the parties had agreed upon the value of the books, the amount of the contract was, that the defendant should return the books, or pay the estimated value, and ought to have been so stated in the declaration; and it is urged, that no count in the declaration so states the contract, and that, therefore, the written contract was inadmissible as evidence upon either count. But this objection is not well founded in fact. There is no count, that states in direct terms, that the contract was to deliver the books, or pay the estimated value; but the first count states that in substance. For it states the value as estimated by the parties; and a contract to return goods of an estimated value is, in substance, a contract to return the goods, or pay the estimated value. This objection therefore cannot prevail.

One further objection remains to be examined. It is contended, that when this defendant offered a part of the goods, the plaintiff was bound to receive them. Had each article been particularly valued, we think that this objection would have merited much attention, and we are not prepared to say, that it could have been satisfactorily answered. But, in this case, the value of all the articles was fixed, and not the value of each; and we are of opinion, that in such a case a tender of a part imposed no obligation upon the plaintiff to receive the part so tendered, unless the defendant had a reasonable excuse for not delivering the residue. In this case no such excuse was offered. Indeed, it was admitted, that the defendant had sold a considerable portion of the books, and as he had thus voluntarily disabled himself to re-

turn a part of the books, we think the officer ought not to be compelled to take the residue.

We are therefore of opinion, that the must be

*Judgment on the verdict.*