#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF ROCKINGHAM, JANUARY TERM,

### A. D. 1831.

---

EBENEZER ODIORNE, and another, *versus* MAR-
THA ODIORNE.

A plaintiff may, in this state, declare upon a note, payable upon a contingen-
cy, in the same manner as upon notes strictly negotiable.

ASSUMPSIT. It was alleged in the declaration, that
the defendant, at R. on the 29th November, 1826, by her
note or memorandum, in writing, under her hand of that
date,' for value received, promised the plaintiffs, to pay
them $171,66, whenever they should settle their father's
estate, or sooner, provided said Martha's share in the
personal estate of her late husband, would not pay one
third of the demands against the estate of the said hus-
band. And the plaintiffs averred, that they settled their
father's estate on the 1st May, 1829, and that the said
Martha's share in the personal estate of her late hus-
band, would not pay one third of the demands existing
against the same.

To this declaration there was a general demurrer, and
joinder in demurrer.

*E. Cutts*, for the plaintiffs.

*I. Bartlett*, for the defendant.

Odiorne et a.
*v.*
Odiorne.

*By the court.* The bill upon which the plaintiffs have declared, is payable upon a contingency ; and if the law be the same here as it is in England and New York, the plaintiffs cannot legally declare upon it as a bill. Chitty on Bills, 39 ; 6 Cowen, 108, *Cook* v. *Satterlee* ; Bayley on Bills, 6—14 ; Dowling & Ryland's N. P. C. 33, *Ralli* v. *Sarell.*

But in Massachusetts, the custom has always been to declare upon notes payable out of a particular fund, in specific articles, or upon a contingency, in the same manner as upon cash notes strictly negotiable. Chitty on Bills, 39, note ; 4 Mass. Rep. 254.

In this state, the custom is believed to have been the same as in Massachusetts. But in the case of *Drown* v. *Smith,* 3 N. H. Rep. 300, it seems to have been supposed that this practice was not correct. We are not, however, aware that any inconvenience has resulted from this practice. It is, without doubt, a great convenience to the plaintiff. For if he must state the consideration, he must prove it as stated, which might in many cases be difficult. And if the defendant can derive any benefit from having the consideration stated, it must consist principally in having a very unnecessary burthen imposed upon the plaintiff.

There is no doubt that the acknowledgment of value received, in a note, not negotiable, is *prima facie* evidence of a consideration. 7 Johns. 321, *Jerome* v. *Whitney.* This being the case, we do not perceive any sound reason why a declaration upon such a note should not be framed in the same manner as a declaration upon a negotiable note.

We are, therefore, of opinion, that the declaration must be adjudged sufficient.

*Judgment for the plaintiffs.*