## JOHN CHILD *versus* R. R. MOORE, administrator of W. NEILSON.

A, drew an order upon P. for $50, in favor of C, which was expressed to be, for value received. Before the order was presented for payment, A, directed P. not to pay it. It was held, that C, after this, had a right to consider the order at an end, and to recover back the amount of whatever he might have paid for it, upon a count for money had and received, without showing any presentment of the order to P.

In a count, upon such an order, an averment, that the order was presented

for payment, must be proved, and the want of such proof cannot be supplied by proof of any excuse for not presenting it.

Such an order is, *prima facie*, evidence that the drawer has received the amount in money, or money's worth.

ASSUMPSIT. The first count was upon an order, in the following words.

*Lyman, February* 2, 1830.

Mr. PETER PADELFORD, Sir.

Please to pay, John Child, fifty dollars, and I will account to you for the same, it being for value received.

W. NEILSON.

There was an alligation, on this count, that the order was presented to Padelford, for payment, which he refused.

There was also a count for money had and received.

The cause was tried here, upon the general issue, at May term, 1831, and a nonsuit entered, subject to the opinion of the court, upon the following case.

The defendant's intestate, drew the order, described in the first count, on the 2d February, 1830; but, some time in the month of February, 1830, and after the order was drawn, he directed Padelford not to pay it. The order was never presented, to Padelford, for payment, but, on the 24th March, 1830, the plaintiff requested Neilson to pay him the amount of the order, which he refused to do.

*Parker* and *Woods*, for the plaintiff.

*J. Smith* and *Bell*, for the defendant.

*By the court.* It is very clear, that, upon the facts stated, the plaintiff is not entitled to recover, upon the first count. The allegation, in that count, that the order was presented for payment, must be proved, in order to sustain it, and the want of proof, of that fact, cannot be supplied by proof of any excuse for not presenting it for payment. Chitty on bills, 355 and 374; Bayley on bills, 281—283.

But the order imports, upon the face of it, to have

been given for value received, and this is, *prima facie*, evidence, that the intestate received, of the plaintiff, the amount of the order, in money, or in money's worth. Bayley on bills, 317.

And, as soon as the intestate revoked the order, it seems to us, that the plaintiff had a right to consider that at an end, and was entitled to demand, and receive from the intestate, whatever he had paid for it.

And, whatever may have been the nature of the consideration, upon which the order was founded, we think the count, for money had and received, may be sustained. 8 Cowen, 77, *Hughes* v. *Wheeler*.

*The nonsuit must, therefore, be set aside, and the cause stand for trial.*