## MOORE *vs.* ROSS.

EVIDENCE that a party who had sown grain upon the land of another, under an
agreement that he should have a share of the crop, afterwards agreed to give
up his interest in the crop to the owner of the land, upon a promise of pay
for what he had done in sowing it, will not sustain an action of indebitatus
assumpsit for grain sold, and work and labor performed for the defendant.

In declaring upon a contract not under seal, the consideration must be truly
stated, and proved as laid.

INDEBITATUS ASSUMPSIT upon an account annexed for work
and labor, and rye and wheat.

It appeared on the trial, that the plaintiff and one Edward
Pickett, in the fall of the year 1824, took a tract of land
belonging to the defendant, to be sown by them with wheat
and rye—the plaintiff and Pickett to have each one fourth
part of the crop, and the defendant the remainder.    In the
spring of the year 1825, the ground having been prepared
and sown with wheat and rye the fall before, a conversation

was had between the plaintiff and defendant about fencing the land, which resulted in an agreement on the part of the plaintiff to take pay for what he had done in sowing the grain, and on the part of the defendant to pay him therefor.

It was objected, that this evidence was inadmissible to sustain the action, but it was admitted by the court; and the jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial.

*Bell*, and *Woods*, for the defendant. The case finds, in substance, that the labor stated in the account annexed, and the grain there stated to be sown, was done, and found, under a contract between the plaintiff and one Edward Pickett, with the defendant, in the fall of 1824, by which the plaintiff and Pickett were to sow a tract of the defendant's land with wheat and rye—the plaintiff and Pickett to have each one quarter, and the defendant one half, of the crop—That in the spring of 1825, it was agreed between the plaintiff and defendant, that the plaintiff should surrender his interest in the crop, and the defendant should pay the plaintiff for his labor in sowing, and for the wheat and rye found for the purpose.

Can this action, in this form, be maintained on these facts?

In all cases of contracts, where the parties receive a consideration, the law will rightfully raise a promise to pay, if there be no express promise, and this for the purpose of doing justice. The law in such case presumes, and holds, that the party did promise to do what he ought in justice to do.

But the law implies or raises a promise only when the parties leave it to the law to do it, and this it does that there may be no want of justice. And this implied, or legal promise, is rendered unnecessary, and is superseded, when the parties themselves make a special promise or an express contract; for agreeing themselves to this, they must rely upon the contract they have specially made. *Expressum facit*

Moore
vs.
Ross.

*cessare tacitum. Amer. Pre. Rules in Declaration* 18; *Cutter* vs. *Powell*, 6 *Term Rep.* 324; *Cates* vs. *Knight*, 3 *Term Rep.* 444.

If the plaintiff declares on a special promise or contract, and is apprehensive he cannot prove it, he may add general counts, and prove them, if there be no proof of the special promise. If it appear to the court that the parties in fact made an express agreement, either from the evidence of the plaintiff or defendant, they will be held to it, and in virtue of that, and that alone, they must claim their respective rights, and any implied one is excluded by the express one of the party's own provision. But if the express one does not appear to exist, then the implied one may be consistently admitted, for it does not appear there ever was an express one, and in such case he may resort to what the law implies in his favor.

Now it is perfectly apparent, from the proof in this case, that the plaintiff's remedy, if he has any, is on an express contract. The parties have made their own stipulations. The law, therefore, implies none.

In this case, therefore, the plaintiff cannot recover on his account annexed, which is wholly founded on the promise raised by the law, on the ground that the services done, and the grain found, were done, and found, at the time of performance, for the defendant, at his request. The implied assumpsit rests for its basis on the ground that the services done were for the defendant at his request. The whole proof in the case gives the negative to this. And the whole law of the case gives the negative to any right to recover, on the implied promise, when the plaintiff himself shows an express contract for the same matter between the parties. The plaintiff then cannot recover on the promise raised by law as for services performed at the defendant's request.

Can he recover on the express promise which is proved in the case, on his present declaration?

The declaration is on an account annexed, for services

done and performed, &c. The proof is that the defendant agreed to pay for the labor, some six months after it was done, in consideration that the plaintiff would relinquish to him his share in the growing crop of grain. The objection was taken at the trial, that the proof did not sustain the declaration.

The consideration stated in the declaration, and the only consideration, is the labor done, and the grain found. If this were in fact true as stated, the law would raise the promise to pay, or it might be shown expressly. But the consideration as stated, is not true, and is wholly disproved by the plaintiff's own testimony. The labor, &c. was not done for the defendant, or at his request. There is no pretence of this. It was done in pursuance of a contract wholly different, and with other persons.

The true consideration for the defendant's promise, is the relinquishment to the defendant of the plaintiff's right to the growing crop of grain, and this is not stated in the declaration. This we apprehend is a decisive and fatal defect. The authorities on this subject are all one way.

In declaring upon a contract, not under seal, it is uniformly necessary to state the consideration upon which it was founded. 1 *Chitty's Pl.* 294; 7 *Term Rep.* 348. The consideration as stated must always conform to the facts of the case, and be sufficient in law to support the promise as laid, and be co-extensive therewith. 1 *Chitty's Pl.* 295; 4 *East's Rep.* 464; 7 *Term Rep.* 348.

Here the consideration stated is not only not proved, but is disproved; and the true consideration is not stated at all. See 1 *Chitty's Pl.* 298; 6 *East* 564.

*J. Smith,* for the plaintiff. The case shows that the special contract, under which the plaintiff performed the labor, and furnished the grain, was rescinded by mutual consent. The plaintiff therefore is entitled to recover, because the rule of law on this subject is—" If the special agreement

'has been put an end to by the defendant, or the performance 'of it on the part of the plaintiff prevented by some act of ' the defendant, the plaintiff may recover under the common 'counts, whatever may be justly due to him" for money paid, or labor performed, in pursuance of the special contract. 2 *Phil. Ev.* 83, *note ;* 10 *Johns. Rep.* 36, *Linningdale* vs. *Livingston ;* 12 *Johns.* 274, *Raymond* vs. *Bearnard ;* 14 *Johns.* 326, *Clark* vs. *Smith ;* 7 *Cranch* 299, *The Bank of Columbia* vs. *Patterson's Adr. ;* 1 *Pick. Rep.* 57, *Goodrich* vs. *Lafflin.* And this principle applies to the case of special contracts which cannot be enforced because of the statute of frauds, as well as to other special contracts. 14 *Mass. Rep.* 268, *Seymour* vs. *Bennett ;* 1 *Pick. R.* 328, *Kidder* vs. *Hunt ;* 15 *Mass. R.* 94, *Davenport* vs. *Mason.*

The contract under which the labor was performed, was rescinded, upon an objection by the defendant to the plaintiff's proceeding to make the fence ; and if no other agreement had been made, the law would have implied an assumpsit, on the part of the defendant, to pay for the grain and labor.

The new contract created a duty to pay money for the grain and labor, and the plaintiff therefore may recover on a general count.

*Bell,* in reply. There is no pretence that the original contract was rescinded, except by the agreement in the spring. That was a new special contract. The plaintiff had an interest in the crop, but no claim for labor or grain. The consideration of the new contract was his giving up this interest. If not, there was no consideration. He either gave up that right and interest, or he gave up nothing. The labor and grain is the mere extent of the right of the plaintiff to receive pay, by the agreement, but the interest in the crop is what was parted with, and that is the consideration. The parties did not rescind the old contract, but made a new one.

PARKER, J. It is objected that the evidence in this case will not support an action of indebitatus assumpsit for work and labor performed, and grain sold. This objection is technical, but it must prevail.

The work and labor were performed, and the grain was furnished, under a special contract to sow the land upon shares, as it is termed. The labor was performed, and the material found, by the plaintiff, for himself, in accomplishing what he had undertaken to do, in consideration of an agreement that he should receive a portion of the crop. If that contract had been fully executed, no duty would have arisen on the part of the defendant, to pay the plaintiff for the grain and labor. Of course he was not laboring for the defendant, although the work was performed on the defendant's land, and although the defendant had an interest in the result.

The defendant found land, the plaintiff labor and materials, and they were to share in the produce. The plaintiff, then, having performed the labor, and sown the seed, had an interest in the expected crop, but no claim against the defendant for any thing which had been done. The parties put an end to this interest by mutual agreement, and we must look to that agreement for their rights and liabilities. That agreement was, in substance, that in consideration the plaintiff would sell his interest in the crop, the defendant would purchase it, and pay for it the value of the grain, and of the labor expended in sowing it; or, according to the language of the parties, that he would pay the plaintiff for what had been done in sowing the grain. It put an end to any farther rights under the first agreement, by substituting another; and the injury which the plaintiff has sustained is by reason of the non-performance of this last contract. As his right of action arises from the breach of this contract, the declaration, whether the count be general or special, should be founded upon it.

The plaintiff by the agreement parted with what belonged

to him, that is, his interest in the expected crop; but the agreement did not, and could not, make the grain, and the labor of sowing it, grain sold and labor performed for the defendant at his request. The value of the grain and labor was to be the measure of compensation for the interest in the crop sold to the defendant.

The agreement to pay, then, was not, in fact, in consideration that the defendant was indebted to the plaintiff for work and labor which had been performed for the defendant, and grain furnished him, at his request, but in consideration that the plaintiff gave up his right under the former contract; and this surrender of his interest should have been stated as the consideration upon which the defendant agreed to pay the value of the grain and labor.

In stating the consideration of a contract not under seal, it must be set forth truly, and proved as laid. *Ante* 333, *Favor* vs. *Philbrick;* 1 *Chitty's Pl.* 295; 3 *Day's Rep.* 312, *Smith* vs. *Barker;* 3 *Caines' Rep.* 288, *Lansing* vs. *McKillip;* 6 *East* 568, *Clarke* vs. *Gray;* 8 *East* 9, *Miles* vs. *Sheward;* *Cro. Eliz.* 79, *King* vs. *Robinson.*

The declaration states substantially that the plaintiff was indebted to the defendant for grain furnished, and labor performed for him, at his special request, and in consideration thereof promised to pay, &c.; but the defendant's promise not having been made upon any such consideration, the proof did not sustain the allegation.

The cases cited by the plaintiff's counsel show, that where goods have been sold, or labor performed for the defendant, upon a special contract, and the contract has been rescinded, or executed, resort may be had to a count in indebitatus assumpsit. But they are distinguished from the present case, for the reason that here the labor was not performed for the defendant, nor the grain sold or delivered to him. The performance of the original contract in this case could have given the plaintiff no claim against the defendant for work and labor, or grain, and that contract was rescinded

only by the substitution of another, founded upon a new consideration. The plaintiff must of course rely upon the new contract alone, and, as that is not correctly set forth in the declaration, the verdict must be set aside and a

*New trial granted.*