## WILSON *vs.* GEORGE.

A contract by which a party, for value received, promises to pay a certain sum, in specific articles, or labor, cannot be given in evidence under a count for money had and received.

ASSUMPSIT, for money had and received. Plea, the general issue.

In support of his action, the plaintiff offered in evidence a note, signed by the defendant, whereby he promised to pay the plaintiff, or order, eleven dollars and twenty-two cents, to be paid in wheelwright work, on demand, for value received; and proved a demand of the work, and a neglect to deliver it. The defendant objected, that this evidence did not support an action for money had and received. But the court held the evidence sufficient; and a verdict having been returned for the plaintiff, the defendant moved to set the same aside, for misdirection, and the admission of improper testimony.

*Baker*, for the defendant. The paper offered in evidence is not a promissory note, but a special agreement for the delivery of wheelwright work, and is not admissible in evidence under a count for money had and received. *Str.* 1271, *Martin* vs. *Chauntry* ; 3 *Ld. Raym.* 67 ; *Chitty on Bills* 58 ; 4 *Mass. R.* 245, *Jones* vs. *Fales* ; 3 *Caines' R.* 286, *Lansing* vs. *McKillip* ; 3 *N. H. Rep.* 300, *Drown* vs. *Smith* ; *Cowp.* 795, *Jestons* vs. *Brooke.*

Strike out the words, "value received," from this instrument, and it is *nudum pactum.* Strike out the same words from a promissory note, and it makes no difference.

If this might be evidence upon a count for goods bargained and sold, it cannot be so on a money count.

*Haseltine*, for the plaintiff.

PARKER, C. J. Assumpsit for money had and received may be maintained to recover the money due upon a promissory note. It seems to have been considered, in some cases, that the reason of this is, because the note furnishes evidence that it is founded upon a pecuniary consideration. 8 *Cowen's R.* 77, *Hughes* vs. *Wheeler ;* 10 *Johns. R.* 420, *Saxton* vs. *Johnson.* There would, perhaps, be no objection to that view of the matter, if the holder was entitled to recover back the value acknowledged to have been received. But where he cannot maintain an action to recover back the consideration, even conclusive evidence that the consideration was money does not seem to be of importance. The sounder reason appears to be, because the note shows that there is a sum of money due from the maker, which may well be considered money in his hands, to the use of the payee ; or to the use of the indorsee, where the note by its terms is negotiable. It is not necessary to set forth any particular consideration, in a declaration for its recovery. This view of the subject seems to be sufficiently supported by the authorities. 15 *Pick. R.* 216, *Payson* vs. *Whitcomb ;* 12 *Johns. R.* 93, *Pierce* vs. *Crafts ;* 2 *Stra. R.* 725, *Story* vs. *Atkins ;* 3 *D. & E.* 182, *Tatlock* vs. *Harris ;* 6 *Mass. R.* 189, *Young* vs. *Adams ;* 16 *Wend.* 660, *Smith* vs. *Van Loan.* The action, whether by payee or indorsee, is not to recover back the consideration, but to recover the money promised.

It has been held, also, that an action for money had and received may be sustained by the indorsee against the indorser ; (12 *Mass. R.* 172, *State Bank* vs. *Hurd,*) and by the holder of a bill, or order, against the drawer. 3 *Burr.* 1516, *Grant* vs. *Vaughan ;* 3 *Johns. Cas.* 5, *Cruger* vs. *Armstrong.* The foundation of the action in such cases is a promise to

Wilson *v.* George.

pay a sum of money. The indorsee, or drawee, is not entitled to recover back the consideration paid. The liability is founded upon an implied promise to pay the sum mentioned in the bill or note. No objection, however, is perceived to an action for money had and received, for the recovery of it, except that the promise and liability of the indorser, or drawer, is not absolute, but contingent. But a special statement of the consideration is not necessary in all cases of a contingent promise. It has been held, in this state, that a promise in the form of a promissory note, for the payment of money upon a contingency, may be declared upon in the usual form of declarations upon notes. 5 *N. H. Rep.* 315, *Odiorne* vs. *Odiorne.*

In *Childs* vs. *Moore*, 6 *N. H. Rep.* 33, the drawer having revoked the order, the holder had a right to recover back the consideration ; and the order was regarded as evidence that he had received money, or what was equivalent to, and to be treated as, money. There are various cases in which an action for money had and received may be maintained, although money has not actually passed between the parties. 3 *N. H. Rep.* 508, *Duncan* vs. *Richardson, and auth. cited ;* 7 *Cowen* 662.

But the instrument upon which this action is founded is not technically a promissory note. 7 *Johns. R.* 320, *Jerome* vs. *Whitney ; Ditto* 462, *Thomas* vs. *Roosa.*

Contracts of a similar form, however, are very common ; and a declaration, so far as the consideration is concerned, may be in the form of that on a promissory note, without stating the consideration specially, (5 *N. H. Rep.* 316,) although that had been previously doubted. 3 *N. H. Rep.* 300.

It was formerly held in New-York, that it was necessary to declare specially upon contracts of this character, setting forth the consideration. 3 *Caines' R.* 286, *Lansing* vs. *McKillip.* But it was afterwards decided that it was not necessary to state the particular consideration ; (7 *Johns.* 324,) and it is now held there, that they may be given in evidence

to sustain an action for money had and received. 7 *Wend.* 311, *Crandall* vs. *Bradley ;* 2 *Johns. R.* 235, *Smith* vs. *Smith.* The practice has not gone to that extent in this state; and the question now presented is, whether it is to be sustained upon principle. The decisions last cited, in New-York, which authorize it, are founded upon the case, *Dutch* vs. *Warren, cited in Moses* vs. *Macferlan,* 2 *Burr.* 1011. In that case the defendant, in consideration of the payment of a certain sum by the plaintiff, agreed to transfer to him five shares in the Welch copper mines, at the opening of the books; and gave a note in writing, acknowledging the receipt of the money, and containing the promise. On the opening of the books, the plaintiff requested the defendant to transfer the shares, which he refused to do ; and the plaintiff brought an action for money had and received, "for the consideration money paid by him." It was objected, that the action should have been brought for the non-performance of the contract. The objection was overruled ; but it was left to the jury, whether they would not make the price of the stock, as it was upon the day when the transfer should have been made, the measure of the damages ; which they did, and gave the plaintiff only a part of the consideration paid by him. Upon a case made, it was held that the recovery was right, " being not for the whole money paid, but for the *damages in not transferring the stock at the time ;* which was a loss to the plaintiff, and an advantage to the defendant, who was a receiver of the difference money to the plaintiff's use."

The case, Moses *vs.* Macferlan, in which Dutch *vs.* Warren was cited, has been doubted, (see opinion of Mr. Justice Heath in *Brisbane* vs. *Dacres,* 5 *Taunt.* 144 ; 1 *E. C. L. R.* 50 ;) and the latter may well share its fate in that particular. The principle upon which it is to be supported is certainly not clear. The plaintiff brought his action for one thing, and he recovered another. The contract which gave rise to it was an open, unrescinded contract, for the performance of a par-

Wilson v. George.

ticular act; and the defendant had broken the contract. The case seems to confound all the rules of pleading. Such an extension of the declaration for money had and received would make it cover every breach of contract, where there was a pecuniary consideration beyond which the plaintiff did not ask damages. If it was to be supported on the notion of fraud, as suggested in the case, the plaintiff should have recovered back all his money. But no farther fraud appears than attends all breaches of contract. If the principle of that case is correct, it is but a step farther, to make a conclusive presumption of a pecuniary consideration in all cases of broken contracts; because the party has received what was equivalent to money; and to maintain money had and received, to recover damages for the breach; or, in case a transfer of chattels was the consideration of the contract, to bring trover for a like purpose. In *Cooke* vs. *Munstone,* 4 *Bos. & Pul.* 351, " the plaintiff having declared upon an agreement to deliver soil or breeze, with a count for money had and received, proved that the defendant having agreed to deliver soil, he, the plaintiff, paid 2*l.* 5*s.* for earnest, but that the defendant refused to deliver the soil. Held that he could not recover damages for the non-delivery on the first count, on account of the variance; nor the 2*l.* 5*s.* upon the second, because the agreement was still in force." *See, also,* 7 *N. H. Rep.* 528, *Moore* vs. *Ross.*

It has been thought that contracts for the payment of a certain sum, in specific articles, at a certain price, give the debtor an election to deliver the articles at the price specified, or to pay the sum in money. *See* 5 *Wend.* 397, *Pinney* vs. *Gleason.* If this was the settled exposition of such contracts, although they would approach more nearly to the character of promissory notes, a declaration for money had and received would hardly seem to be applicable. But we cannot regard this as the true construction of such contracts. 6 *N. H. Rep.* 159, *Bailey* vs. *Simonds.* Such is not the language of the agreement, nor, as we think, the usual understanding

of the parties.   The payee may generally be willing to take the value of the specific articles in money, because it will be more advantageous ;  but he has a right to require the property, according to the terms of the promise.

There are cases where a party has  a right to treat a contract as  rescinded,  and  recover back the consideration ;  but Dutch *vs*. Warren was not of that character.   If it had been, the plaintiff might have sustained his action  for  the whole amount paid.   Thus where money has been advanced in part performance of a contract, and the party  who advanced it is ready to proceed and fulfil it on his part, and does what is incumbent upon him, but the  other  refuses, he  may  consider the contract as rescinded, and recover the money back, under a declaration for money had and received,  if  the  parties can be put in *statu quo*.   5 *Johns. R.* 85, *Gillet* vs. *Maynard ;* 4 *Conn. R.* 350, *Lyon* vs. *Annable ; Long on Sales (Rand's ed.)* 244.   So where a party receives money under a contract to apply  it  to  a  particular purpose, as in part payment of a debt, but refuses so to do, and receives  payment  in  full.   7 *N. H. Rep.* 535, *Fuller* vs. *Little*.   So where goods have been purchased, and the vendor refuses to deliver them.   3 *N. H. Rep.* 79, *Danforth* vs. *Dewey ;* 12 *Johns. R.* 274, *Raymond* vs. *Bearnard*.   So where a party refuses to perform a contract within  the statute of frauds.   9 *N. H. Rep.* 298, *Luey* vs. *Bundy*.   Where an infant rescinds  or avoids his contract, by reason of his infancy, the other party may reclaim the goods he acquired by it, if they remain in his possession.   9 *N. H. Rep.* 447, *Fitts* vs. *Hall*.   These cases sufficiently illustrate this doctrine, and it is not  necessary to pursue it farther.

Assuming that the acknowledgment of value received in this instrument may be regarded as conclusive evidence of a pecuniary consideration, this contract was not rescinded.   It is an open contract, still in force, but which the defendant has failed to fulfil.   The rule in such cases is, that the plaintiff should  declare  upon  the contract, unless by its perform-

ance on his part a mere duty remains for the payment of money by the defendant, in which case he may resort to the appropriate general counts.  1 *Chitty's Pl.* 338, 342 ; 14 *Johns. R.* 326, *Clark* vs. *Smith ; 7 Johns. R.* 132, *Tuttle* vs. *Mayo.*

But a mere duty to pay money did not exist here.  The promise of the defendant was to perform a particular act. For the non-performance, the plaintiff is entitled to damages. This would be exceeding clear, if no sum had been stated in the instrument.  Had the promise been to deliver certain articles of wheelwright work, the plaintiff's counsel would probably not contend that the action could be supported. The damages would be uncertain, and the form of action altogether inappropriate.  But if the sum mentioned is not money to be paid, but is merely the measure of value of the property to be delivered, it does not seem to affect the principle.  In a receipt to a sheriff, for goods attached, if a value be stated, that is held to be conclusive upon the parties, because it is put there to fix the value. 3 *N. H. Rep.* 299, *Drown* vs. *Smith.*  Perhaps in contracts to pay a certain sum in specific articles, the sum expressed is the true measure of damages.  It has been held, in cases where the specific articles were to be received at a certain price, that the sum was not to be reduced because they were of less value. 5 *Cowen's R.* 152, 411, *Gleason* vs. *Pinney ; 5 Wend.* 393, *S. C. in error ; 3 Conn. R.* 58, *Brooks* vs. *Hubbard.*

It is apparent, that in cases of this description the party may sustain damages beyond the sum expressed by the non-delivery of the articles.  If he is confined to the sum mentioned in the note, it is only because he is entitled to recover no more in damages than the value of the property to be delivered, and that the sum mentioned furnishes conclusive evidence of that value.  But this is not clear.  It seems the defendant could not pay the money into court. 3 *Bos. & Pul.* 14, *Strong* vs. *Simpson.*  If, however, it be so in this case, the writing is, still, a contract for furnishing wheelwright

Wilson *v.* George.

work, and the plaintiff had a right to require that it should be performed. He is entitled to damages for the non-performance of an act which the defendant stipulated to perform. If those damages are liquidated, that does not change the form of the remedy.

It is sufficient that contracts of this character may be declared on in the manner of notes, without stating the consideration. That renders the declaration sufficiently simple, and to go beyond it tends to confusion.

In *Chickering* vs. *Greenleaf*, 6 *N. H. Rep.* 52, it was said, in the course of the opinion, that a note for a certain sum, payable in any property the defendant might possess after two years, would not be proper evidence under a count for money had and received, and the extended examination now made satisfies us of the correctness of the principle.

*Verdict set aside.*