## REMICK *vs.* ATKINSON.

A demand at the dwelling house, and in the absence of a party who has contracted to deliver specific articles on demand, is sufficient to charge him with the value of such articles.

Where a deputy sheriff delivered goods attached, to a person, who gave him a written contract to return them on demand, it was *held* that the value of the goods, as stated in the contract, was conclusive upon both parties.

And where each article was separately valued, and the agent of the bailee had sold a portion of them, and tendered the residue to the plaintiff, who refused to accept them, it was *held*, that the plaintiff was entitled to recover only the estimated value of the articles sold.

ASSUMPSIT.    It appeared in evidence, that on the 14th day of July, 1837, the plaintiff, a deputy of the sheriff of this county, attached certain property on a writ against one James Cook, and delivered it to the defendant for safe

Remick *v.* Atkinson.

keeping. The defendant gave the plaintiff a receipt for said property, promising therein to deliver it to him on demand. The property consisted of a yoke of oxen, valued in the receipt at sixty dollars, and other articles, to each of which a separate value was affixed. On the twenty-fifth day of February, 1839, the plaintiff went to the house of the defendant, and demanded the property. The defendant, at this time, had been absent for several months in Georgia, and did not return until the month of June following. The wife of the defendant requested Harmon, the witness to the demand, to go with the plaintiff to the house of Cook, to see what part of the property was there, and whether it was ready for delivery. They went to Cook's house, and he told the plaintiff that he had sold the oxen, but that the rest of the property was ready, some of it being in the shed, and some in the barn. The plaintiff said that was of no consequence, as he was instructed, if all the property were not ready, not to take any of it. The property was not shown to the plaintiff, nor did he request to see it.

The defendant offered evidence, that the property mentioned in the receipt was, at the time of the demand, of less value than the estimate in the receipt. To this evidence the plaintiff objected; but it was admitted by the court, subject to future consideration, and the jury found that the oxen were of the value of $60·00, and the other property of the value of $70·00.

It was agreed that judgment should be rendered on the verdict; or that it should be amended, and judgment rendered thereon, according to the opinion of the court.

*Hall & Emerson,* for the plaintiff.

*J. Eastman & James Bell,* for the defendant.

Gilchrist, J. It is no objection to the demand in this case, that it was made at the dwelling-house of the defendant

in his absence. If it were necessary, in a case like this, to make a personal demand, it would always be in the power of the party to elude a demand, and thus avoid his responsibility. One who makes a contract to deliver specific articles on demand, should be always ready at his dwelling-house, or place of business. A demand made upon him personally, for goods which he could not carry about him, would be liable to more reasonable objections than that in the case before us. *Mason* vs. *Briggs*, 16 *Mass.* 453; *Lobdell* vs. *Hopkins*, 5 *Cowen* 516; *Goodwin* vs. *Holbrook*, 4 *Wend.* 377; *Chipman on Contracts* 49.

It has been held in this state, that the estimate of the value of articles contained in a contract similar to this was conclusive upon the parties. *Drown* vs. *Smith*, 3 *N. H. Rep.* 299. It is there said, that the value is inserted in order to fix the extent of the defendant's liability, in case the goods were not returned, and to ascertain their value in any dispute that might arise concerning them. It is also held, in *Wakeman* vs. *Stedman*, 12 *Pick.* 562, that the valuation in an instrument of this description is to be taken to be the agreed value, and binding upon the parties unless it be shown that some fraud was practised.

In the case of *Drown* vs. *Smith*, the receipt was given for books, which were valued at a gross sum. The defendant admitted that he had sold a considerable portion of them, but offered to prove a tender to the plaintiff of the residue, in part discharge of the contract. Upon this point, it is said by the court, " had each article been particularly valued, we think that this objection would have merited much attention, and we are not prepared to say that it could have been satisfactorily answered. But in this case the value of all the articles was fixed, and not the value of each, and we are of opinion that in such a case a tender of a part imposed upon the plaintiff no obligation to receive the part so tendered, unless the defendant had a reasonable excuse for not delivering the residue."

In the case before us, the plaintiff should have accepted the property which was then in the possession of Cook, the agent of the defendant. It had no connection with the oxen, and a distinct value was affixed to each article, so that it could easily have been ascertained, had the property been accepted, how much of the defendant's liability had been discharged. As he refused to accept it, he is now entitled to judgment only for the value of the oxen, as estimated in the receipt. According to the agreement of the parties, the verdict must be amended, and the plaintiff is entitled to judgment thereon for the sum of sixty dollars.