# STRAFFORD,

## JULY TERM, A. D. 1852.

---

## TIBBETS *v.* GERRISH.

A note, payable in specific articles, cannot be recovered upon a count for money had and received. But it may be declared upon specially, as upon a negotiable cash note.

In declaring upon a transferred instrument, it is not necessary to notice the several individuals through whose hands it has passed, unless their names appear upon the instrument as indorsers or assignors. And it is no variance between the proof and the declaration, if the evidence shows that an instrument, which is assigned in blank, has passed through the hands of one or more individuals, whose names do not appear upon it, and who are not named in the declaration.

A note payable in specific articles is not negotiable. It is, however, a contract capable of being assigned, and an equitable interest becomes vested in the assignee, sufficient to enable him to maintain a suit in the name of the assignor. A suit may also be maintained in the name of the assignee, if, after the assignment, there is an express promise to pay the assignee.

To sustain the issue of a new promise upon a plea of infancy, a more stringent rule prevails than where the defence is the statute of limitations. There must be either an express ratification by a new promise made, or such acts of the individual, after becoming of age, as to amount to an unequivocal ratification and promise.

ASSUMPSIT. The writ was dated June 6th, 1850, and contained two counts. The first was as follows: " for that the said defendant, at said Dover, on the 28th day of August, 1845, by his promissory note of that date by him subscribed, for value received, promised one William T. Wentworth to pay him, or order, the sum of forty dollars on demand, to be paid in hard wood, at market price, all to be paid by the first day of January, 1846, to be delivered at Great Falls;

4

Tibbets *v.* Gerrish.

and the said William T. Wentworth thereafterwards, on the same day, indorsed and delivered the said note to the plaintiff, of which the defendant had notice, and by reason and in consideration whereof the said defendant became liable, and promised the plaintiff to pay him the contents of said note, according to the tenor thereof. And the plaintiff says that the said first day of January, 1846, has long since elapsed, and that said defendant has not delivered said wood, though requested, according to the tenor of said note."

The second count was a general one for $75, money had and received by the defendant to the plaintiff's use.

The defendant pleaded, first, the general issue; second, a special plea, as follows: " and for a further plea, by leave of the court, the said Edwin L. Gerrish says the plaintiff, his action aforesaid thereof against him, ought not to have and maintain, because he says that at the several times of making the said several supposed promises in the plaintiff's declaration alleged, said Edwin L. Gerrish was an infant within the age of twenty-one years, to wit, of the age of nineteen years and no more, and this he is ready to verify; wherefore he prays judgment, if the plaintiff, his action aforesaid thereof against him ought to have and maintain, and for his costs."

To the second plea, the plaintiff replied that the defendant attained the age of twenty-one years on the first day of January, 1848, and afterwards, on the fifth day of June, 1850, agreed and confirmed to the plaintiff the several premises in the declaration mentioned, and each of them.

To this replication, the defendant rejoined that he did not agree and confirm the promises, and tendered an issue to the country, which was joined.

It appeared on the trial that Wentworth, the payee of the note, sold it to Tibbets & Brooks, of which firm Tibbets was a member, and that they paid for it a valuable consideration, out of the funds of the firm, and that the note was

delivered to them indorsed in blank by the payeê. After-wards, upon a dissolution of the firm and a division of the funds, the note in question became the sole property of the plaintiff, as a part of his share of the funds of the firm.

It appeared also, that subsequently to the time when the plaintiff became the sole owner of the note, and after the defendant became twenty-one years of age, the plaintiff delivered the note to an attorney for collection. The attorney testified that on the fifth day of June, 1850, the defendant came to his office at Great Falls; that he told the defendant the note had been delivered to him by the plaintiff for collection; that he told him he supposed it was Tibbets' property, naming the plaintiff. At first, the defendant said he knew nothing of the note; that he had no recollection of ever seeing it. Upon being asked whether he signed it or not, he would not answer whether he did or not. The defendant took the note and looked at it some minutes, and said, " if I did sign it, I am good for it." Upon being asked if he recollected no transaction with Wentworth, out of which the note grew, he replied only, " if I did sign it, I am good for it." The plaintiff's attorney then said to him that it looked like his hand-writing, and that he was surprised at the indistinctness of the defendant's recollection, and then said to the defendant thus: " If you did sign the note, will you pay it to Mr. Tibbets?" and the defendant answered, " I will."

The attorney of Mr. Tibbets then sent for him to come into the office, and he came, and the attorney repeated, in the presence of Tibbets and the defendant, all the conversation that had passed between the attorney and the defendant. Tibbets asked the defendant if he had not hauled the wood that was indorsed on the note, and he answered that he supposed the indorsement was right. There was an indorsement on the note, December 30th, 1845, of $12,18. On cross-examination by the defendant's counsel, the witness testified that after the attorney had related to Tibbets

all that the defendant had said, Tibbets requested the defendant to pay the note, and the defendant then said he would not pay it; that he assigned no reason why he would not pay it, but seemed to mean, as the witness understood, to refuse to pay on the ground that he had not signed the note.

It was conceded at the trial, that the note was signed by the defendant.

A verdict was taken by consent for the plaintiff, which the defendant moved to set aside, and for a new trial, for the alleged reason of the incomptency of the plaintiff's evidence to sustain his declaration, and for a variance between the proof and declaration; and also for the reason that the proof is incompetent to make out the issue on the part of the plaintiff upon the plea of infancy.

The defendant also moved in arrest of judgment, upon the ground that no cause of action is well and sufficiently alleged in the declaration.

The questions arising upon the case were assigned to this court for determination.

*Wells* and *Bell,* for defendant.

I. The plaintiff's evidence is incompetent to sustain his declaration, because there is no sufficient evidence of a promise, by the defendant, to pay the note to the plaintiff.

II. There is a variance between the plaintiff's proof and his declaration in this: the declaration alleges that Wentworth, the payee, indorsed and delivered the note to the plaintiff, while the proof is that he indorsed and delivered the note to the plaintiff and one Brooks, and Brooks afterwards assigned his interest to the plaintiff. The case is like that of a negotiable note specially indorsed, where the indorsee, in an action against the maker, must set out all the prior indorsements. 2 Stark. on Ev. 247, (4th Am. ed.;) 2 Greenl. Ev. § 166.

A plaintiff is not allowed to recover, where there is a vari-

ance between his declaration and his evidence, because the judgment would be no bar to a second action against the defendant on the same cause. 1 Greenl. Ev. § 63; 3 Stark. Ev. 1527.

A judgment for the plaintiff, on these pleadings, would be no bar to a future suit on the same cause of action against the defendant. *Jones* v. *Fales*, 4 Mass. Rep. 255.

The plaintiff cannot recover under his money count. *Wilson* v. *George*, 10 N. H. Rep. 445; *Warren* v. *Bachelder*, 15 N. H. Rep. 129.

III. The evidence is incompetent to make out the issue on the part of the plaintiff, on the plea of infancy. The same evidence ought to be required of the confirmation of an infant's voidable contract as of the making of a new contract. *Merriams* v. *Wilkins*, 6 N. H. Rep. 432; *Rogers & ux.* v. *Hurd*, 4 Day's Rep. 57; Chitty's Con. 152, (5th Am. ed.;) 2 Greenl. Ev. § 367; *Martin* v. *Mayo & al.* 10 Mass. Rep. 137, note by editor, Rand's edition.

Stronger evidence is required to prove a ratification of an infant's voidable contract, than to prove a revival of a debt barred by the statute of limitations. *Hale* v. *Gerrish*, 8 N. H. Rep. 374.

An acknowledgment, to take a debt out of the statute of limitations, must be explicit and unconditional; any thing which qualifies or repels the idea of a promise to pay, destroys the effect of what is said. *Cocks* v. *Weeks*, 7 Hill's Rep. 45; *Farley* v. *Krustenbader*, 3 Barr's Rep. 418; *Manning* v. *Wheeler*, 13 N. H. Rep. 486; *Perley* v. *Little*, 3 Greenl. Rep. 97.

IV. The judgment ought to be arrested, because no sufficient consideration is set out in the declaration for the defendant's promise to pay the note to the plaintiff. In assumpsit, an omission to allege a consideration for the defendant's promise is fatal. 1 Chitty's Pl. 300; Gould's Pl. 174, 5.

The consideration must be a detriment to the plaintiff or a benefit to the defendant. 1 Chitty's Pl. 293, 4; Chitty's

Con. 29. Negotiable instruments alone are excepted from the rule requiring the consideration to be specially alleged. 3 Kent's Com. 77; Chitty on Bills, 241.

The contract declared on here is not negotiable. *Carlton* v. *Brooks*, 14 N. H. Rep. 149; *Odiorne* v. *Sargent*, 6 N. H. Rep. 401.

The declaration does not set forth a sufficient consideration for the defendant's promise. 1 Chitty's Pl. 15, (10th Am. ed.;) *Crocker & ux.* v. *Whitney*, 10 Mass. Rep. 316, and note; *Mason* v. *Munger*, 5 Hill's Rep. 613; *Warren* v. *Bachelder*, 15 N. H. Rep. 129; *Cuxon* v. *Chadley*, 3 B. and C. 591; *Wharton* v. *Walker*, 4 B. & C. 163; *Currier* v. *Hodgdon*, 3 N. H. Rep. 82.

*Mc Crillis* and *J. S. Wells,* for the plaintiff.

The promise made to the attorney is sufficient to remove the statute. The subsequent refusal to the plaintiff cannot control the new promise. After that promise, it was only necessary to prove that Gerrish signed the note; and his refusal to pay at the time the plaintiff was seeking to induce him to admit he signed the note, amounts to no more than any other refusal at a time subsequent to the promise. *Stanton* v. *Stanton*, 2 N. H. Rep. 425.

Part payment is a sufficient acknowledgment. *Bank* v. *Sullivan*, 6 N. H. Rep. 124.

The defendant acknowledged on the 30th of December, 1845, that the $12,18 paid was rightfully indorsed. *Betton* v. *Cutts*, 11 N. H. Rep. 170.

This instrument may be declared on as a bill. *Odiorne* v. *Odiorne,* 5 N. H. Rep. 315. And the action may be maintained in the name of the assignee, if sustained by proof of an express promise to him. *Currier* v. *Hodgdon,* 3 N. H. Rep. 82; *Wiggin* v. *Damrell,* 4 N. H. Rep. 73; *Morse* v. *Bellows,* 7 N. H. Rep. 549; *Crocker & al.* v. *Whitney*, 10 Mass. Rep. 316; *Morey* v. *Todd,* 12 Mass. Rep. 281; 4 Cowen's Rep. 13.

Tibbets *v.* Gerrish.

The most that can be said against this declaration is, that it is a title defectively stated; which is cured by the verdict. *Walpole* v. *Marlow*, 2 N. H. Rep. 386; *Root* v. *Henry*, 6 Mass. Rep. 504; Kirby, 170.

This declaration is substantially like that in *Currier* v. *Hodgdon*, 3 N. H. Rep. 82, on which the plaintiff had judgment.

EASTMAN, J. It is settled in this State, that a count for money had and received cannot be sustained by a note or contract like the one in suit. Even were the action brought by Wentworth, the payee, and were there no defence of infancy, a recovery could not be had upon a general declaration for money had and received. Such is the direct doctrine of *Wilson* v. *George*, 10 N. H. Rep. 445.

It seems, however, to be equally well settled here, although a different doctrine prevails elsewhere, that an action can be maintained upon a contract of this kind in the name of the payee, by declaring specially as upon a negotiable note. *Odiorne* v. *Odiorne*, 5 N. H. Rep. 315; *Wilson* v. *George*, 10 N. H. Rep. 447.

In *Odiorne* v. *Odiorne* the court say: " In Massachusetts, the custom has always been to declare upon notes payable out of a particular fund,—in specific articles, or upon a contingency,—in the same manner as upon cash notes strictly negotiable. In this State, the custom is believed to have been the same as in Massachusetts."

But this action was not brought by the payee, but by Tibbets, the assignee. The assignment is in sufficient form, being in blank, when delivery accompanies it; and the fact that it was transferred in blank to *Tibbets & Brooks*, does not vary the rights, under the declaration, as contended in the argument; for in declaring upon a transferred instrument, it is not necessary to notice the several hands through which it has passed, unless their names appear upon the instrument as indorsers or assignors. It seems also that it is not

necessary that any consideration between the assignor and the assignee be proved, and a formal statement of it, as in this declaration, is sufficient. *Norris* v. *Hall,* 6 Shepl. Rep. 332.

The instrument declared on in this case is not negotiable; still it is a contract capable of being assigned, and an equitable interest becomes vested in the assignee, sufficient to enable him to maintain a suit in the name of the assignor. An action can also be sustained in the name of the assignee, if it appear that there has been an express promise to pay the assignee. *Currier* v. *Hodgdon,* 3 N. H. Rep. 82; *Wiggin* v. *Damrell,* 4 N. H. Rep. 73; *Morse* v. *Bellows,* 7. N. H. Rep. 549; *Smith* v. *Berry,* 6 Shepl. Rep. 122; *Hodges* v. *Eastman,* 12 Vermont Rep. 358; *Coolidge* v. *Ruggles,* 15 Mass. Rep. 388; *Crocker & al.* v. *Whitney,* 10 Mass. Rep. 316; *Norris* v. *Hall,* 6 Shepl. Rep. 332.

There was evidence here competent to show an express promise to pay the amount to Tibbets. The witness, among other things, said to the defendant, " If you did sign the note, will you pay it to Mr. Tibbets?" and the defendant said, " I will." And on the trial it was conceded that the note was signed by the defendant.

In addition to the grounds taken by the defence, which we have already noticed, there is one other, that of infancy; and the replication to the plea of infancy is a new promise.

Where the defence interposed is that of infancy, and a new promise is relied upon, a more stringent rule prevails than where the defence is the statute of limitations. To sustain an action against a person of full age, on a promise made by him when an infant, there must be an express ratification, either by a new promise to pay, or by positive acts of the individual, after he has been of age a reasonable time, in favor of his contract, which are of a character to constitute as perfect evidence of a ratification as an express and unequivocal promise. *Hale* v. *Gerrish,* 8 N. H. Rep. 374; *Merriam* v. *Wilkins,* 6 N. H. Rep. 432; *Thompson &*

*al.* v. *Lay & ux.* 4 Pick. Rep. 48; *Goodsell* v. *Myers*, 3 Wendell's Rep. 479.

We think the evidence in this action was competent to bring the case within the rule above laid down. The promise was direct to pay, if the note was signed; and from the evidence produced, a jury might well enough find an absolute promise. This defence, then, also fails, and there must be

*Judgment on the verdict.*