ALBANY,
August, 1805.

Van Raugh
v.
Van Arsdaln.

## Cornelius W. Van Raugh *against* John Van Arsdaln.

A discharge under the insolvent law of another state is no bar to a suit here, by a citizen of this state for a debt contracted within it, and who has not in any degree come in, under the proceedings under the insolvent act.

ASSUMPSIT by the indorsee against the indorsor, of a promissory note made in *Rhode-Island*, and indorsed to the plaintiff in this state, where he then was and now is a resident, by the defendant, whose established residence then was, and continues to be, in *Pennsylvania*, by the insolvent law of which state, he was discharged in *March*, 1805. He did not include the plaintiff in the list of his creditors, nor mention the note in that of his debts, and the cause was at issue long prior to his exoneration. Upon these facts it was submited to the court, whether the defendant could avail himself of the discharge in *Pennsylvania*, in bar of the present suit?

KENT, C. J. This question arose in the case of *George B. Ewert* v. *William Coulthard*,[*] which was decided in this

---

[*] At the time of the decision in *Ewert* v. *Coulthard,* the point had never received any direct determination in the *English* courts, although several cases look strongly towards it ; but in *Smith* v. *Buchanan,* 1 *East* 6, the court of *K. B.* went the whole length of the present adjudication.

ALBANY,
August, 1805.

court, in *January* term, 1795, the plaintiff there, was a citizen of this state, and the debt was contracted here; the defendant was a citizen of *Pennsylvania*, and pleaded a discharge under the insolvent act of that state, and the plea was overruled. Upon the authority of that decision, we are of opinion that the discharge stated in the case before us is no bar, and that the plaintiff is entitled to judgment. We give no opinion as to the operation of such a discharge, if the parties had been citizens of *Pennsylvania*, or if the debt had been contracted there, or if the plaintiff had given his assent to the proceedings under the insolvent law, or accepted any dividend of the defendant's estate; but, confining ourselves to the case before us, and to the antecedent decision, we declare only, that a discharge under the insolvent act of another state, will not take away the right of a citizen of this state to sue here upon a contract made here, and which is binding by our laws.

LIVINGSTON, J. Supposing this question to be *res integra* here, (which must also have been the understanding of the counsel of both parties) I had formed an opinion, and assigned my reasons at considerable length in favour of the defendant; having no doubt, after a very careful examination of the subject, that a *cessio bonorum*, under the laws of a state where the debtor has his permanent domicile, ought to operate as a discharge from his creditors in every part of the world. To this opinion, which is the result of much reflection and research, I still adhere: but being recently informed, that a different decision has been made by this court in the case mentioned by the *Chief Justice*, I do not think myself at liberty to dissent from the judgment just rendered.