the suit. The motion for a new trial is therefore denied. (a)

Judgment for the plaintiff.

## Smith, *administrator* of Smith, *against* Smith.

THIS was an action of *assumpsit*. The declaration contained two counts; for money lent, and for money paid, laid out and expended, for the use of the defendant, by the intestate in his life-time, at *Mendon*, to wit, at *Herkemer*, in the county of *Herkemer*. The defendant pleaded *non-assumpsit*, and the statute of limitations, and also gave notice, that he should offer in evidence at the trial, under the first plea, the discharge of the defendant from all his debts, under an act of insolvency of the general assembly of *Rhode-Island*, the 27th January, 1797.

The cause was tried before Mr. Justice *Spencer*, at the *Herkemer* circuit, the 27th June, 1806, when a verdict was taken, subject to the opinion of the court, on a case containing the following facts :

On the trial the plaintiff produced in evidence a note, signed by the defendant, and admitted by him, in the following words :

" I, for value received, promise to pay *Calvin Smith*, or order, forty pounds, silver money, to be paid in lands at nine shillings per acre, in the township of *Franconia*, in the state of *New-Hampshire ;* said *Smith* is to have his choice in any one lot that I purchased of *David Thayer*, and to have a good warrantee deed of said land when requested, the same to be on interest till paid. *Mendon*, June 13, 1788."

A witness for the plaintiff testified, that in the month of June, 1804, he called on the defendant, in behalf of

NEW-YORK,
May, 1807.

Smith
v.
Smith.

A residing in Rhode Island, gave his promissory note, dated in Massachusetts, to B, residing in that state, by which he promised to pay him 40 pounds in certain lands, at nine shillings per acre. A afterwards obtained his discharge under an insolvent act of the state of Rhode Island and removed into the state of N. York. B died, and A admitted to his representatives that he could not convey the land, and promised to settle the note. In an action brought by the administrators of B against A for money lent and advanced to him, and money paid, laid out, &c. in the life time of the intestate, it was held, that the note was admissable evidence under the money counts, and connected with the acknowledgment, sufficient evidence of the con-

one *Adams*, to whom letters of administration on the estate of the intestate had been granted, in the state of *Massachusetts*, before the present administration was granted; that he showed the above-mentioned note to the defendant, who acknowledged it to be a just debt, and that he would see the plaintiff soon, and settle it with him. The defendant also said, that he had been deceived by *Thayer*, of whom he purchased the land mentioned in the note; that he supposed *Thayer* had a title to the lands, but he had since discovered that he had no title, and that he was now unable to convey the land as mentioned in the note.

*Calvin Smith*, the intestate, lived in *Mendon*, in the state of *Massachusetts*, in 1788, and continued there till his death. The defendant formerly resided in the same place; and the witness for the plaintiff thought the defendant did not change his residence until after the year 1788; but the defendant's witness testified, that he removed into *Rhode-Island* about twenty years ago, where he resided about ten years, when he removed into the state of *New-York*.

The discharge of the defendant under the act of the legislature of *Rhode-Island*, the 27th January, 1797, was proved.

*Ford*, for the plaintiff. 1. Where there is a failure of the consideration, the party may waive the special contract, and bring his action of *assumpsit* to recover back the money paid.\* Before the statute of *Anne*, it was the invariable practice to give promissory notes and bills of exchange in evidence, under the general counts of *indebitatus assumpsit* for money lent, &c.† The statute of *Anne* did not alter the common law, but gave an additional remedy. The note is *prima facie* evidence of so much money lent or paid. Admitting the note not to be sufficient evidence to support the money counts, yet

*\*I Caines, 47.
Weaver v.
Bentley.*

*† 2 Lord
Raym. 757.
Clerke v.
Martin. 3
Burr. 1525
2 Strange,
750.*

sideration; that the discharge under the act of the legislature of Rhode-Island, was no bar to an action brought here on a note made in the state of Massachusetts.

when connected with the parol evidence of an acknow- NEW-YORK.
ledgment of the debt by the defendant, it is sufficient to May, 180 .
enable the plaintiff to recover. In *England*, an un-
stamped note, with parol evidence of the acknowledg-
ment of the debt, has been held sufficient to entitle the
plaintiff to recover on a count for money lent.* It may,
perhaps, be objected, that the acknowledgment by the
defendant was before the present administration was
granted; but the grant of letters of administration has
relation back to the time of the intestate's death.†

2. It was not necessary to prove the value of the lands
mentioned in the note. The note itself is *prima facie* evi-
dence of the value, and the subsequent acknowledgment
of the debt must remove every objection.

3. On the principle of the decision of this court, in the
case of *Van Raugh* v. *Van Arsdaln*,‡ the discharge of the
defendant in *Rhode-Island* cannot avail here. The con-
tract was made in *Massachusetts*, where the parties, or
one of them, at least, resided at the time. The act of
*Rhode-Island* could operate no farther than to discharge
the defendant from all debts contracted in that state, and
sued for there. If the defendant had been sued in *Mas-
sachusetts*, there can be no doubt that the court there
would have considered him liable on the note, notwith_
standing his discharge. This court, in conformity with
the principles by which it has been governed in former
cases, will adopt what they conceive to be the law of *Mas-
sachusetts*.

But admitting the discharge to be valid, still the sub-
sequent promise of the defendant to pay the debt, is suffi-
cient to support the present action.§

*Gold*, contra. 1. A note like the one in the present
case, payable in land, is not evidence of any money re-
ceived by the defendant. It is not a promisory note,
within the statute, nor can it be declared on as such.**
The plaintiff might declare on it as a special contract,
but it would be necessary to aver the consideration, and

Vol. II.       I i

---

Smith
v.
Smith.

* 1 *East.* 58.
note 7. *Term,*
241. 2 *W.
Blacks.* 1269.

† *Toller's
Law. of Ex.*
133.

‡ 3 *Caines,*
154. 1 *East,*
6, *Smith* v.
*Buchanan.* |

§ *Cowper.* 544,
*Trueman* v.
*Penton.* 1 *P.
Wms.* 620.

** *Ld. Raym.*
757. 1 *Salk.*
124. 125. 129,
12 *Mod.* 330.

‡‡5 *Term*, 482. *Carlos* v. *Tancourt.*
‡‡ 3 *Caines*, 286.

* *Bailey on Bills*, 114.

† 2 *Burrow*, 1110, 1111, *Dutch* v. *Warren. Buller's N. P.* 132.
‡ 1 *Bos. & Puller, N. S.* 351. *Cooke* v. *Munstone. Buller's N. P.* 139.

§ 3 *East. Sarell* v. *Wine.* 2 *Ld. Raym.* 1101. 6 *Mod.* 309. 1 *Salk.* 28.

prove it.†† It was so decided in this court, in the case of *Lansing* v. *Killip.*‡‡ It was there held, that where the note or instruent offered in evidence, is not a note within the statute, the words *value received* do not imply a consideration, but it must be averred and proved. If this note, when declared on as a special agreement, would not of itself import a consideration, it surely cannot be be resorted to as evidence of money paid or lent, or other consideration. Where a note or bill is given in evidence under a general count, the plaintiff must prove the same facts as are necessary to be stated in a special count.* The mention of forty pounds in the note, does not prove that so much was received by the defendant. The price of the land being fixed at nine shillings per acre, the sum was mentioned as necessary to determine the number of acres to be conveyed. Again, the legal measure of damage is the value of the thing at the time the contract was broken.† In case of an executory contract, unless it be put an end to, either by the terms of the contract itself, or by the agreement of the parties, the party cannot waive the special contract, and recover on a general count.‡

2. A new promise, in order to take a case out of the statute of limitations, must be made to the plaintiff. If the promise be laid as made to the intestate, proof of a promise made to the administrator, will not support the declaration.§ Counts on a promise to the intestate and to the administrator cannot be joined. But there is no evidence that *Smith* was dead, at the time of the conversation between the witness and the defendant, or that the witness was the agent of the plaintiff. This court does not recognize the character or acts of an administrator appointed in another state.

3. As to the discharge of the defendant by the insolvent act of *Rhode-Island.* No adjudged case has presented the precise question before the court. The contract was made in one state, the bankrupt's discharge obtained in another, and its validity is to be determined

in a third. In *Van Raugh* v. *Van Arsdaln*,** the court express themselves in very guarded terms; confining their opinion to the precise case then before them, they decided only " that the insolvent law of one state would not take away the right of a citizen of this state, to sue here, upon a contract made here, and which is binding by our law." In *Smith* v. *Buchanan*,* the court of king's bench relied upon the fact, that the creditor was in *England*, and that they deny the power of a foreign state to take away the right of an *English* subbject to sue upon a contract made in *England*.

In *Miller* v. *Hall*,† the plaintiff lived in *Pennsylvania*, and the defendant in *Maryland*, where he obtained his discharge; the original executory contract was made in *Pennsylvania*, but the money was received thereon by the defendant in *Maryland*. In the case of *Pedder* v. *M'-Masters*,‡ the court relied on the circumstance, that the plaintiff resided in *England*. In *Potter* v. *Brown*,§ both parties resided in the *United States* at the time the bill was drawn on *England*, and the defendant obtained his discharge under the bankrupt law of this country.

In all these cases, the courts appear to lay great stress on the circumstance that the *locus fori*, and the place of the plaintiff's residence are the same; and that they were bound to protect their own subjects from the injustice and frauds of foreign tribunals. This court is now called on to go a step further, and to interfere between the citizens of other states, and to become the guardians of their rights. Again, this was an executory contract, and the plaintiff must have looked to its performance in *Rhode-Island*, where the defendant resided; and had he sought the defendant there, and brought his action for the non-performance, the discharge would have been a good defence.

THOMPSON, J. delivered the opinion of the court.

The material questions presented by this case are, whether the note or instrument in writing, was admissible evidence in support of the money counts in the decla-

*Margin notes:*

Smith
v.
Smith.

** 3 *Caines*, 154.

* 1 *East*, 6.

† 1 *Dallas*, 229.

‡8 *Term*, 609.
§5 *East*, 124.

ration; and whether the defendant's discharge under the insolvent act in *Rhode-Island* is a bar to the present suit.

1. It would, I think, be a sufficient answer to the first question, that no objection was made upon the trial to the competency of this evidence. Independent of this circumstance, however, the testimony, in my judgment, was admissible in support of the money counts. The note is not for the payment of money, absolutely, and therefore not a negotiable note within the statute, and to be declared upon as such. No doubt appears to have existed in *England* prior to the statute of *Anne*, that under a general *indebitatus assumpsit*, a promissory note might be given in evidence. It has since been held, that the statute only gives an additional remedy, but does not take away the old one. It may not be admitted as sufficient without further proof of the consideration, (3 *Burr.* 1525. 2 *Ld. Ray.* 758. 12 *Mod.* 380. 3 *Term,* 181. 2 *Wm. Black.* 1271.) which, in the present case, is full and satisfactory from the defendant's own acknowledgment. In June, 1804, when the note was presented to him for payment, he declared it was a just debt; that he owed the money, and would endeavour soon to settle it. This is also sufficient to remove all difficulty on account of the statute of limitations. (2 *Wm. Black.* 1271.) The defendant also declared that he had been deceived by *Thayer*, of whom he purchased the lands mentioned in the note—that he supposed *Thayer* had a title to the lands, but afterwards found that he had not; and that he, the defendant, was unable to convey the lands agreeably to his note.

The case of *Dutch* v. *Warren*, cited and adopted as law, by *Lord Mansfield*, in the case of *Moses & Macfarlan*, (2 *Burr.* 1011.) is very analagous to the present.— The defendant, *Warren*, had executed a writing to *Dutch*, whereby he acknowledged to have received a sum of money, as the consideration for some shares in certain cop-

per mines, and containing a promise to transfer the shares as soon as the books should be opened. On failure of doing it, an action was brought, and this writing admitted as good evidence, under the count for money had and received.

2. The more important question in this case relates to the operation of the defendant's discharge as an insolvent debtor, in the state of *Rhode-Island*, subsequent to giving the note in question. The contract was made in *Massachusetts*, the intestate being at the time a permanent resident there. Some doubt appears in the case, as to the residence of the defendant, at the time he gave the note, whether it was in *Massachusetts* or *Rhode-Island*. This, however, is unimportant as it respects the result of my opinion. I am willing to admit, what is certainly most favourable to the defendant, that his residence was in *Rhode-Island*. Had the intestate been a citizen of this state, and the contract made here, the discharge in *Rhode-Island* would be no bar, within the decision of this court, in the case of *Van Raugh* v. *Van Arsdaln*. (3 *Caines*, 154.) That case is conformable to what is now considered as the settled rule in *England*, that a discharge under a foreign bankrupt law is no bar to an action for a debt arising in *England*, to a creditor residing there also. (1 *East*, 6.) But we are called upon now to declare the effect of a discharge, upon a demand where the contract was not made here, nor the creditor a resident here. If the contract had been made in *Rhode-Island*, the parties both residing there, I should think we ought to apply the same rule to them here that would have been applied to them, had the prosecution been in that state.

The reasoning of all the elementary writers, and the decisions of courts of justice, have had a tendency to establish it as a general rule, that the determination of questions founded on contract, depend chiefly on the law of the place where the contract was made. (*Huberus*, 2 vol. 13. 1. *Tit*. 3, *p*. 26. 3 *Dal*. 370. *Stra*. 733. 2 *Burr*. 1078. *Black*. *Rep*. 234, 256. 1 *H*. *Black*. 684.)

*Lord Mansfield*, in the case of *Robinson & Bland,(Black. Rep. 258.)* says, the general rule established, *ex comitate et jure gentium* is, that the place where the contract is made, and not where the action is brought, is to be considered in expounding and enforcing the contract, unless the parties have a view to its being executed elsewhere, in which case it is to be considered according to the laws of the place where the contract is to be executed. In the case of *Quin* v. *Keefe,* (2 *H. Black*, 553) the reasoning of the counsel, and which was adopted by the chief justice, goes very far in establishing, that a bankrupt's certificate is to operate upon a contract according to the laws of the place where the contract was made.— If this be a correct rule, and applied to the case before us, I apprehend there can be little doubt that the defendant's discharge will be unavailable here. If the same rule prevails in *Massachusetts*, as in our own courts, on this subject, the question is settled by the decision of *Raugh* v. *Van Arsdaln ;* and that it does, is to be collected from the adjudications of the courts of that *State* and of the *United States*.

In the case of *Greenough* v. *Emory*, in the circuit court of the *United States*, for the district of *Massachusetts*, (3 *Dal.* 369.) it appeared that the debt was contracted in *Massachusetts*, where both parties resided at the time.— defendant afterwards removed to *Pennsylvania*, and was discharged under the bankrupt act of that state. On his returning to *Massachusetts* on a visit, he was arrested for the debt, in the state court ; the cause was removed to the circuit court of the *United States*, when the defendant pleaded his certificate ; but it was held to be no bar to the action. The same principle has been recognized in the supreme court of *Massachusetts*, in the case of *Proctor* v. *Moore,* (*Williams' Rep.* 198.) so that we may safely conclude, that if this suit had been brought in that state, the defendant would have been held liable, notwithstanding his discharge in *Rhode-Island*. It appears to be

pretty well settled, both in *England* and in our own courts, that a *cessio bonorum*, under the laws of the place where the debtor is domiciled, will not operate as a discharge from his creditors universally. And if so, I know no more just or equitable rule, than to apply the *lex loci*, where the contract was made, or was to be executed.

[*] The defendant can have no reason to complain of the rule of damages adopted on the trial; from his own confession, he must have received from the intestate the full sum mentioned in the note, and the least he can expect, is to refund that sum with the interest, according to the laws of *Massachusetts*.

Judgment must, accordingly, be given for the plaintiff.
Judgment for the plaintiff.