## ODIORNE *versus* SARGENT.

Where a party executed an instrument, in the usual form of a negotiable promissory note, payable on demand, with interest ; and the payee at the same time signed an agreement, upon the same paper, underneath the note, by which he agreed " to take the above note" in certain labor, if done within six months ; there being no evidence that the promissor had ever performed or offered to perform, the labor ; and the six months having expired ; it was held, that under such circumstances, the two instruments were not to be construed together as parts of the same contract ; and that the note therefore might well be negotiated, and an action sustained in the name of the endorsee.

ASSUMPSIT by the plaintiff, as endorsee of a promissory note.

The writ was dated March 19, 1830.

At the trial, August term, 1832, the plaintiff offered in evidence a note, underneath which was an agreement, copies of which note and agreement are as follows :

" July 1, 1829, For value received, I promise to pay Thomas Hoit, or order, one hundred eight dollars, twenty-nine cents, on demand with interest.

ROBERT SARGENT."

" I agree to take the above note in hauling to and from Dover, if done in the course of six months, at fair prices.

THOMAS HOIT."

It appeared that the note and memorandum were written and signed at the same time, and they remained upon the same piece of paper.

The defendant contended, that they were to be construed together as parts of the same contract, and that taken together they furnished evidence of a promise to pay a certain sum in hauling ; that the note was not therefore a promissory note for the payment of money absolutely, and of course not negotiable.

A nonsuit was entered, by consent, subject to the opinion of the court upon the aforesaid objection.

*Lyford*, for the plaintiff, cited, 4 Mass. 414, *Dow* v. *Tuttle*; 10 Barn. & Cres. 2, *Williams* v. *Waring*; 4 Mau. & Sel. 505, *Exon* v. *Russell*; 4 Camp. 217, *Stone* v. *Metcalf*; 1 Starkie's Rep. 53, *S. C.*

S. *Emerson*, for the defendant, cited, 4 Mass. 245, *Jones* v. *Fales*.

PARKER, J.    It may  be assumed, from the  two instruments executed by the defendant and Hoit, that the whole agreement between them was, in substance, that the defendant would, within six months, haul goods to and from Dover, for Hoit, to the amount of $108,29, and interest on that sum to the time when the labor should be performed ;  or that he would pay Hoit, or order, $108 29, and interest, at any time after the expiration of the six months.

The instruments which they executed are separate, each promising the other, but such must have been, substantially, the understanding and agreement of the parties.

Hoit agreed to receive labor, if performed within six months, thus giving the defendant the option to pay in that way, and although the defendant, by his contract, promised to  pay money, on demand, yet as he  had, by the terms of Hoit's agreement, an option to pay in labor, within a specified time, the result of the whole was an understanding between the parties that the defendant was to pay in labor, within six months, or the money after that time.

Had this agreement been reduced to  writing in those terms, and signed by the defendant, as his contract, it is clear that no suit could have been  sustained upon it by an endorsee, in his own name, because it would not have been a negotiable promissory note.

Such however was not the course adopted by the parties.   The defendant, instead of executing his contract in the alternative, gave an absolute promise to pay the

money to Hoit, or order, and relied for his security, that the labor should be received, if offered, upon a promise signed by Hoit, and annexed to the note.

Notwithstanding this, we might still, perhaps, construe these instruments together, as parts of the same contract, were that necessary in order to carry into effect the agreement actually made by the parties. 10 Pick. 228, *Heywood* v. *Perrin ;* 2 Camp. 205, *Leeds* v. *Lancashire ;* 4 Camp. 126, *Hawley* v. *Wilkinson.*

Courts have the power, and it is sometimes their duty, to look beyond the mere form of the transaction, for the purpose of sustaining the substance ; and had Hoit brought a suit upon this note, to recover the money, within the six months, we are not prepared to say that we should not have felt bound to adopt the construction for which the defendant's counsel contends, for in that way we could have enforced the agreement according to its substance.

But the state of the case, as now presented, is altogether different from that.

The delay of the six months was given before this suit was brought, and there is no pretence that the defendant performed the labour, or offered to perform it. The time allowed him in which to perform it had elapsed, and he no longer had any option upon the subject.

If the whole agreement be taken together, after that time the defendant was to pay the money absolutely, and to pay it to Hoit, or order, by the express terms of his contract.

This suit then is brought to enforce precisely what the defendant was under obligation to do, and had neglected.

Why, under such circumstances, should we be called on to consider another part of the agreement between the parties, which has become null, and of no force or effect, and to give a construction to the instrument which the defendant executed, different from that which it bears on the face of it ?

To do so, instead of carrying into effect the agreement of the parties, would be in direct opposition to that agreement, for the defendant, not having performed the labor, and being bound in such case to pay the money to Hoit, or order, is only called upon to perform that promise ; and if we should now construe these agreements together, and thus hold that this was not a negotiable promissory note, we should thereby, so far as this action is concerned, discharge him from that agreement.

There is no principle of law which requires, or would justify this.

Construction is only to be resorted to, in order to enforce the agreements of parties, and the justice of the case ; but that will be done here by considering these contracts in the form in which the parties placed them.

They are in the form of distinct independent agreements, and may be so regarded.   4 Mass. 414, *Dow* v. *Tuttle*.   They are now in effect so, and as one of them has expired by its own limitation, it is as if it had never existed.

The other, now in suit, has all the characteristicks of a negotiable promissory note, and to consider it one will require the defendant to do precisely what he undertook to do, and what the justice of the case requires should be done.

Hoit, at the expiration of the six months, had the right to treat the agreement which he executed as a nullity, and declare upon the defendant's contract, according to its form, as a promissory note ; and if so, being by its terms negotiable, he might well endorse it, and the endorsee sustain this suit in his own name.

Should we hold otherwise, the result would be merely to defeat this suit, and compel the plaintiff, who must in that case be considered as the assignee in equity, to commence another suit in the name of Hoit, in which he would be entitled to the same judgment in Hoit's name which he now claims in his own.

The instruments, which the parties signed, fortunately require no such result, and the nonsuit must therefore be set aside, and the case transferred for a