## CARLETON *vs.* BROOKS.

A written promise to pay the plaintiff, or his order, seventy-five dollars in grain, is not a negotiable promissory note.

The payee, by writing his name upon the back of such an instrument, is not liable as an indorser.

In an action by the payee, the defendant to whom the instrument has been transferred by the payee, by indorsement, cannot file it in set-off.

ASSUMPSIT on a promissory note, dated on the 18th day of December, 1835, for the sum of $79.15, made by the defendant, and payable to the plaintiff, or order, on demand, with interest.

The action was commenced on the 22d day of May, 1839.

The defendant filed in set-off a note, dated on the 5th day of February, 1831, made by one Flavel Patterson, by which, for value received, he promised to pay the plaintiff seventy-five dollars, in good merchantable grain, in four years from date, delivered at the defendant's store in Lunenburg, with interest after the 1st day of April, then next.

On the back of the note was the following indorsement:

"Pay the within to C. K. Brooks:

"June 6, 1832. George Carleton."

On the 6th day of February, 1835, the plaintiff was notified by the defendant's attorney that the maker had neglected to pay the note, and that the plaintiff would be held liable as indorser.

Upon these facts the plaintiff contended that the note was not admissible in set-off against him, because it was merely assignable, and not negotiable, and consequently he was not liable as indorser.

Judgment is to be rendered for the plaintiff, or for the defendant, according to the opinion of the court upon the foregoing facts.

*E. Carleton,* for the plaintiff.

*Hibbard,* for the defendant.

GILCHRIST, J.   By the contract in this case, Patterson promised the plaintiff to pay him, or his order, seventy-five dollars, with interest thereon, in good merchantable grain, to be delivered at a place specified.   This is in substance a contract to deliver to the plaintiff, or to his order, a quantity of grain of the value of seventy-five dollars, with the interest thereon up to the time of the delivery.   The indorsement by the plaintiff is an order to Patterson to deliver the grain to the defendant.   Is the contract so far a promissory note, that the payee, by writing his name upon the back of it, becomes liable as an indorser, in the legal acceptation of that word ?

The instrument filed in set-off is not technically a promissory note, although the declaration upon it may be in the form of that upon a promissory note, without stating the consideration specially.   5 *N. H. Rep.* 315, *Odiorne* vs. *Odiorne.*   It cannot be given in evidence under a count for money had and received.   *Wilson* vs. *George,* 10 *N. H. Rep.* 445.   In the case of *Odiorne* vs. *Sargent,* 6 *N. H. Rep.* 401, it is said by *Parker,* J., that an agreement by which the maker bound himself to pay the plaintiff, or his order, a certain sum in labor, within six months, or in money after that time, was not a negotiable promissory note, and that an indorsee could not maintain a suit upon it in his own name.   *Crandal* vs. *Bradley,* 7 *Wend.* 311, decides that a note payable in specific articles is admissible in evidence under the money count, on the authority of *Smith* vs. *Smith,* 2 *Johns.* 235, and *Pierce* vs. *Crafts,* 12 *Johns.* 90.   But in the latter case the note was not payable in specific articles, nor is any allusion made in the case to such contracts.   In *Smith* vs. *Smith* the contract contained a promise to pay forty pounds in lands, at nine shillings per acre.   The reasons given for its admissibility under the money counts appear to be, that the defendant admitted the consideration, and that he was unable to convey the lands.   Mr. Justice *Thompson* also relies on the authority of *Dutch* vs. *Warren,* cited in *Moses*

Carleton *v.* Brooks.

vs. *Macferlan*, 2 *Burr*. 1005, where a contract to convey shares in a mine was admitted in evidence under the money counts, the defendant having acknowledged in the contract the receipt of the consideration.   It was held that the party might disaffirm the agreement *ab initio*, by reason of the fraud, and bring an action for money had and received. These cases, therefore, do not seem to be very strong authorities for placing such contracts upon the same ground with promissory notes.   And Mr. Justice *Thompson* admits, in *Smith* vs. *Smith*, that the contract was not a promissory note, being not for the payment of money absolutely, and therefore not negotiable.   Contracts of this description have been held not to be promissory notes, and not negotiable, in *Jones* vs. *Fales*, 4 *Mass.* 245; *Clark* vs. *King*, 2 *Mass.* 524, and *Young* vs. *Adams*, 6 *Mass.* 182.   In *Thompson* vs. *Sloan*, 23 *Wend.* 71, a note payable in *Canada money* was held not to be negotiable, although in two cases in New-York, notes payable in New-York bills or specie, and in bank bills current in the city of New-York, were held to be negotiable.   *Keith* vs. *Jones*, 9 *Johns.* 120; *Judah* vs. *Harris*, 19 *Johns.* 144.   But the rules which determine the requisites of negotiable paper have arisen from an experience of the necessities of commercial transactions, and have been settled by a well considered course of judicial decisions. These rules should never be trenched upon, unless in cases of absolute necessity, when exceptions to them must of course exist.   It has long been settled in England that a promissory note must be for the payment of money only, and not for the delivery or payment of merchandise, or other things in their nature susceptible of deterioration and loss, and variation in quality and value.   *Martin* vs. *Chauntry*, 2 *Strange* 1271; *Smith* vs. *Boheme*, cited 2 *Ld. Raym.* 1362, 1396; *Buller's N. P.* 272.   And such is the opinion of Chancellor *Kent*, who says that the doctrine of the cases which hold that a promissory note may be for the payment of other things than money, has been met and denied.   3 *Kent's Com.* 76.

Carleton *v.* Brooks.

The opinion of the court is, that the contract offered in set-off by the defendant is not a negotiable promissory note; that the plaintiff, by the writing on the back of it, did not become liable as an indorser, and that there must be

*Judgment for the plaintiff.*