Pierce v. Richardson.

PIERCE *v.* RICHARDSON.

A party who is bound to show the authority of a town officer, may rest on proof that he is or was an acting officer; but if he introduces proof tending to show a due election or appointment, he will generally fail, unless such election or appointment is legally proved.

An appointment of a collector of taxes being produced, and the record of it in the town book, it did not appear by either that it was recorded before the occurrence of the facts in controversy, and it was *held* insufficient.

Pierce *v.* Richardson.

The town-clerk is bound to certify the date of the record of all papers left in his office to be recorded, as well upon the original as upon the record.

Amendments may be allowed in the records of towns, by the superior courts, according to the truth; but no amendments will be allowed, unless the facts are clearly shown.

A collector's bond will be held good, though it has no witness, or is dated on Sunday, if it appears to have been delivered on Saturday, or the collector is recited in it to be chosen instead of appointed, or its acceptance was not in writing, and can only be shown by parol.

The delivery of the tax-list to a person who has been appointed collector, and has assented to serve, will be *held* to be a sufficient delivery, from the time his bond was accepted and his appointment recorded, though these were not done till the next day.

Such delivery may be shown by parol.

A lot was originally owned by Thomas Packer; it was taxed to Thomas Packard, as original owner, and it was *held* sufficient.

A tax was assessed as a "state, county and school tax." In the advertisement of sale, it was called "money tax," and this was *held* insufficient.

THIS was a real action, tried, by agreement of the parties, by a commissioner. The agreement purported to authorize the commissioner to make any amendment of the records of the town of Goshen, in which the premises in question were situate, which might be made by the Court of Common Pleas, on a trial of the action by jury.

The plaintiff proved his title, and the defendant offered evidence of title, under a deed from the collector of taxes of Goshen, for 1850. Objections were made to the proceedings, and evidence offered to sustain this title, as follows:

1. It did not appear by the original appointment of the collector, nor by the record on the town book, at what time the record was made. A witness testified that he gave the appointment, with the certificate that the collector had taken the oath of office, to the town-clerk, to be recorded, on the day after their date, April 12, 1850. It was objected that this witness was interested in the event of the suit, as one of the selectmen who assessed the tax,

but the objection was overruled. The town-clerk testified that he received the appointment from the last witness, but could not state the date, or when he recorded it. An amended certificate, signed by the town-clerk for 1850, was offered, and rejected on the ground that the town-clerk was unable, from personal knowledge, or otherwise, to state the exact date of receiving and recording the appointment. The amendment was "received the 13th day of April, 1850, and recorded on that day, or on the 15th of the same month," &c.

2. The collector's bond was dated, in pencil, April 14, 1850. It recited that the collector was *chosen*, instead of appointed. It appeared that the bond was executed and accepted on Saturday, April 13, and the date, April 14, which was on Sunday, was inserted by mistake. The collector was appointed by the selectmen. The bond was held sufficient.

3. The tax-list was delivered to the person appointed collector, on the 12th of April, and he was sworn the same day; but his bond was not executed, nor his appointment recorded, till the day following. It was objected that there was never a legal commitment of the tax to the collector; but the objection was overruled. It was objected that the delivery of the list to the collector must be shown by a record, and cannot be proved by parol; but it was ruled otherwise.

4. The premises in question were part of a lot originally laid out to the right of Thomas Pack*er*. It was described in the tax-list as being laid out to Thomas Pack*ard*, as original owner. The error in the name was held immaterial.

5. The tax-list described the taxes for which the land was assessed, as "state, county and school tax." In the advertisement of the land for sale, the tax was designated as "money tax." Objection was made on this account, but was overruled.

6. There was no certificate of the town-clerk as to the time of receiving from the selectmen and recording the invoice and assessment, for the year 1850. One of the selectmen testified that he recorded them April 11th, and handed them to the town-clerk within a day or two after. The town-clerk could not state within what time he received them, but he was sure they were recorded before the first day of July. The commissioner held there was no foundation laid for an amendment, by inserting a certificate of the time of recording.

7. Several tracts beside the demanded premises were advertised, but none other sold; the collector's fees and charges, and sums paid to printers, were not apportioned equally among the lots advertised, but the whole charge, so far as appears, was made upon these premises.

The questions arising upon the report of the commissioner, in which the foregoing facts and a full statement of the whole case appears, were transferred, by order of the court below, to this court for decision.

*Barton* and *Bowers*, for the plaintiff.

*A.* and *S. H. Edes*, for the defendant.

BELL, J. A party who is bound to show the authority of a third person as a town officer, may rest on proof that he is, or was at the time, an acting officer. Whatever may be the qualifications or pre-requisites required by the law, before he is qualified to act, the proof that he is an acting officer is *prima facie* evidence of his having those qualifications, and having complied with those requisites, as well as of his election or appointment. *Tucker* v. *Aiken*, 7 N. H. 113; *Johnston* v. *Wilson*, 2 N. H. 202; *Blake* v. *Sturtevant*, 12 N. H. 573; *Bean* v. *Thompson*, 19 N. H. 290; *Baker* v. *Shepherd*, 24 N. H. (4 Foster) 208. But if such party introduces proof tending to show a due election or

SULLIVAN.

appointment, he will generally fail, unless such election or appointment is legally proved, in the same manner he would do if the same evidence were introduced by the adverse party.

The collector of taxes was appointed by the selectmen, under sections 3 and 6 of chapter 36 of the Revised Statutes, which provides, that in certain cases " the selectmen may, in writing, appoint some suitable person to the office, who shall be sworn, and his appointment and a certificate of such oath being recorded in the records of the town, he shall have the powers," &c. A written appointment of collector being produced, and the record of the same upon the town book, it was objected that it did not appear by the record, nor by any certificate of the town-clerk, that it was recorded in season to authorize the proceedings of the collector. It was, beyond doubt, the duty of the town-clerk to certify, on the town record, the date at which it was received and recorded, and to certify, upon the appointment itself, the fact that it was recorded, the date and the volume and page of the record, substantially in the forms used by the registers of deeds. Without that the record is imperfect, because it does not show that the collector was qualified to act at the time any specified duty was performed. The appointment may have been recorded afterward. This defect must be fatal, unless it can be supplied by parol evidence, or by an amendment of the record. See *Cardigan* v. *Page,* 6 N. H. 193; *Nelson* v. *Pierce,* 6 N. H. 194.

Upon the same principle, the town-clerk ought to have certified, upon the record made by him of the invoice and assessment, the date of its receipt and record, and to have certified upon the original that it was recorded, and when, and where. The most material thing in regard to this record is its date, since, if not recorded before the first of July, the party in fault is liable to indictment, and the tax in some cases will be rendered invalid.

It is not suggested that there can be any effectual substitution of parol evidence for the record which the law requires to be made. The proper proof of a record is the production of it, or of a copy, properly authenticated or proved. Parol evidence may be received to show the contents of a record, shown to have been once made, and since destroyed or lost, but not to supply the want of a record, which should have been, but never has in fact been made. Hence the necessity of applying to the courts for amendments.

It is settled by numerous decisions here, that the Supreme Court and Court of Common Pleas may, by an order of court, allow amendments of town records, by the officer by whom they were made, even after he has ceased to hold the office. *Gibson* v. *Bailey*, 9 N. H. 168. Before such amendments are allowed, the court require to be satisfied, by the testimony of witnesses in writing, that the amendments can be made consistently with the truth of the case, and the order of court sets out in terms the precise amendment to be made. The court do not permit any erasures, or interlineations of the original record, but require the amendment to be written on a separate paper, signed by the proper officer, and with it a copy of the order allowing the amendment; and this paper is then annexed to the original record. *Gibson* v. *Bailey*, above ; *Low* v. *Pettengill*, 12 N. H. 340 ; *Cass* v. *Bellows*, 31 N. H. (11 Foster) 501.

It has never been held that such amendments could be allowed by any other tribunal, and it may well be doubted if a commissioner, appointed to hear and report the facts in a cause, has any authority to allow such amendment, or if the agreement of the parties can confer any authority to interfere with the public records of a town. This point is not deemed material to be decided, because, upon the report of the commissioner, any proper amendments could be allowed by the court, and effect given to them, as if made at the time of the hearing.

The amendments, asked in this case, were all proper to be made, upon proper evidence that they would be consistent with the facts; and the court do not ordinarily revise the conclusions of the commissioner upon facts properly submitted to him. A distinct point must be made, alleging error of fact, or law, or the court will assume his decisions to be correct. We arrive at the same result from the examination of the facts reported, rendered necessary by the consideration of other points of the case.

An amendment of the record of the collector's appointment was offered in this form: "Received on the 13th of April, 1850, and recorded the same day, or on the 15th day of the same month," and rejected, because in the alternative; and evidence was offered that the invoice and list of taxes was recorded by the town-clerk before the first of July, but he could not state the day he received or recorded them, and no amendment was allowed, because no sufficient foundation was laid. In *Cardigan* v. *Paige* it was held that the selectmen's return of posting a warrant for town meeting, must show the day it was so posted; it was not enough to say *lawfully;* and in *Gibson* v. *Bailey,* it was held not enough to say, *fifteen days previous to said meeting.* And we think it would be within the same reason to hold that the town-clerk should certify the day on which these records were made, and that, whenever the day cannot be shown, an amendment should not be allowed.

In the case of *Cardigan* v. *Page* it was held that a tax on non-resident land was invalid, unless the provision of the statute, which requires the invoice or assessment, or a copy, to be left with the town-clerk for record before the first day of July, had been complied with. In *Scammon* v. *Scammon,* 28 N. H. (8 Foster) 431, it was held that this provision was directory as to all taxes which may be collected before that date. The case is not necessarily in

Pierce *v.* Richardson.

conflict with *Cardigan* v. *Page,* which applies to taxes of another class.

It is objected that the bond required by the Revised Statutes, chap. 36, sec. 4, was insufficient, because it is dated, in pencil, on the 14th of April, 1850, which, it appears, was Sunday. The bond was in fact executed on the 13th, and the date was mistaken. It was further objected that the bond was insufficient, because it had but one witness ; and because it recites that the collector was *chosen,* not *appointed,* to the office. But the date of a bond is not essential. A bond takes effect from its delivery; and the day of the delivery may be shown, whenever it becomes material. Shep. Touch. 55 ; 2 Coke 5, *Goddard's Case; Jackson* v. *Schoonmaker,* 2 John. 235 ; 2 Bouv. Inst. 403, sec. 2043. No witness to such a bond is required by statute, or at common law. A bond is not rendered ineffectual, by any mistake, which leaves its purpose and object free.from doubt. 2 Black. Com. 379. *Chosen,* may not be so appropriate as *appointed,* where the collector is named by the selectmen, and *collector* not as suitable as *collector of taxes ;* but both are intelligible. Their meaning cannot be mistaken. *Eastman* v. *Knight,* 35 N. H. 551. It was also objected, that it should be shown that the bond was accepted by the selectmen in writing. Though the correct mode is, that the selectmen should certify their acceptance .of the bond, and the date of it, on the bond itself, under their hands, we have no doubt that the fact may be shown by parol, or by evidence of circumstances.

It was objected that the list of taxes was not delivered to the collector before the 30th of May. It is contended there could be no valid delivery to a collector, before his appointment was recorded. The evidence tended to prove that the tax-list was delivered to the collector April 12th, but the appointment was not recorded, nor the bond executed, till the 13th. To this, it seems a sufficient answer, that the list having been delivered to the person

appointed to the office, and who had assented to serve, and being in his hands at the time the bond was filed and the record made, these facts constitute a sufficient delivery to the officer.

It is objected that the time of the delivery of the list must be shown by the record, and cannot be shown by parol. An answer to this may apply equally to the point before stated, of the acceptance of the bond, that nothing can be provable by the record alone, of which no record can be, or is required to be made. Neither of these things is expressly required to be done in writing, nor is any written entry of either required to be made. It is doubtful, at least, whether either, if made in writing, would be entitled to be regarded as a record.

We have no doubt that proof, by the testimony of witnesses, is competent and sufficient.

It was objected that the land was not taxed to the owner, nor to the original owner, nor by any such description of it as it may be known by. It appeared that the original owner's name was Thomas *Packer*. It was taxed in the name of Thomas *Packard*, as original owner. It was contended that Pack*er* and Pack*ard*, being the same in sound, the land was sufficiently described by the name of the original owner, and the commissioner finds the fact so, as we think correctly.

It was objected that the advertisement of the land for sale was insufficient, because it describes the tax as *money tax*, instead of the description, *State, county and school tax*, used in the original list. This objection was overruled by the commissioner, because he deemed the advertisement to contain all that the statute requires ; "the same name, same description of land taxed, and amount of tax, which is inserted in the collector's list." It is by no means clear to us that this is a correct conclusion. Where the collector's list contains a designation of the nature of the taxes, the advertisement should contain the same description as

Pierce *v.* Richardson.

the list. *Money tax* is not by any means the equivalent of *State, county and school tax.*

It is objected that the expenses of advertising and sale do not appear to have been apportioned among the lots. All that is said in the account of sale, filed by the collector, is " to pay the taxes assessed on said Thomas Packard lot, amounting to $2.32, and incidental charges amounting to $5.66." Several lots were advertised, and only the lot now in controversy was sold. In the case of *Cardigan* v. *Page*, it was objected that the expenses of the sale are not specified ; but it was said by the court, that "the statute does not require this. The expenses are to be apportioned among the lots sold. In this case, the amount of expenses for each lot, is stated, and we are of opinion that the amount must be presumed to be correct, until the contrary appears." But for this decision, we should greatly doubt whether the rule unanimously prescribed for sheriffs and constables, in making sales, should not be followed ; that the officer should set down in detail the whole expenses of advertising and selling, and should show the number of lots advertised, and the proportion of that expense to each, and the number of lots sold, and their shares of the expenses of sale. The presumption made, in that case, in favor of the correctness of the officer's charges, without any details, is inconsistent with what is believed to be the usual caution of the law in other cases.