## LOCKWOOD *v.* KELSEA.

The action for money had and received is an equitable one, and, in gene-ral, may be maintained, whenever the evidence shows that the defendant has received, or obtained possession of, money belonging to the plaintiff, which he ought, in equity and good conscience, to refund to him.

ASSUMPSIT, for $8, money had and received. The cause was tried by the court at the November term, 1859, when the facts were found to be, that the plaintiff, being at the

Crawford House, at the White Mountains, a telegraphic despatch was received at Plymouth for him, and carried by a stage driver to the Profile House, and from there to the plaintiff by the defendant, in company with another person; that the plaintiff asked the defendant how much he was to pay him for carrying the despatch; that the defendant said he was to have $24; that the plaintiff said something about that being rather a high price; that the defendant said $16 of it was for bringing the despatch from the Profile House, and that $8 was for forwarding it from Plymouth to the Profile House; and that the plaintiff paid the defendant $24, by giving him two ten dollar gold pieces and a five dollar gold piece, and receiving back $1.

The court also found that the declaration of the defendant that $8 was for forwarding the despatch from Plymouth to the Profile House was false, that the defendant knew it to be false, and that the plaintiff did not know that it was false, but that the plaintiff did not pay said $24, nor any part thereof, in consequence of that false declaration; that the plaintiff did not pay any thing, relying upon that declaration, and that he was not induced to pay any thing by that declaration.

The court, ruling that the conclusion of law upon the foregoing facts was that the plaintiff could not recover, found that the defendant did not promise in manner and form as the plaintiff had declared against him, subject to the opinion of the whole court.

*Stone & Burrows*, for the plaintiff.

*C. W. & E. D. Rand*, for the defendant.

FOWLER, J. It is difficult to see how the court below, upon the evidence stated, could have found as they did, that the plaintiff did not pay the $24, or any part thereof, in consequence of the false declaration of the defendant

that $8 of the sum demanded was for forwarding the telegraphic despatch from Plymouth to the Profile House; that he did not pay any thing, relying upon that false declaration, and was not induced to pay any thing by that false declaration; when they also found that the plaintiff objected to the claim made as too high, before he paid it, and that he was ignorant of the falsity of the declaration. It would seem to be highly improbable, if not morally impossible, upon the facts found to have existed, that the plaintiff should have paid the $8, otherwise than in some manner through the influence of the false and fraudulent representation of the defendant.

But, notwithstanding the finding of the court below, we think the plaintiff was entitled, on well established general principles, to recover back from the defendant the $8. This is not an action for fraud and deceit, as it has been substantially discussed in the defendant's argument, wherein it would be essential to the plaintiff's right to recover, that he should have relied upon a false representation, knowingly and intentionally made by the defendant, and calculated to deceive a person of ordinary sagacity, and have suffered damages thereby. If such were the form of action, it is entirely clear, upon principle, as well as authority, that, under the findings of the court below, the plaintiff could not recover. *Page* v. *Parker*, 40 N. H. 47. But the present is an entirely different kind of an action from case for fraud and deceit.

The action for money had and received, in its spirit and objects, has been correctly likened to a bill in equity; and it may in general be maintained whenever the evidence shows that the defendant has received or obtained possession of money belonging to the plaintiff, which in equity and good conscience he ought to refund to him. It lies only for money, which, *ex aequo et bono*, the defendant ought to refund; as for money paid by mistake, or upon a consideration which happens to fail, or for money obtained

through imposition, express or implied, or extortion, or oppression, or an undue advantage taken of the plaintiff's situation. In one word, the *gist* of this kind of action is, that the defendant, upon the circumstances of the case, is obliged, by the ties of natural justice and equity, to refund the money. One great benefit which arises to suitors from the nature of the action is, that the plaintiff need not state the special circumstances from which he concludes that, *ex aequo et bono*, the money received by the defendant ought to be deemed as equitably and rightfully belonging to him; he may declare, generally, that the money was received to his use, and make out his case at the trial. This is equally beneficial to the defendant. It is the most favorable way in which he can be sued. He can be liable no farther than for the money he has received; and against that he may go into any equitable defence upon the general issue; he may claim every equitable allowance; he may prove a release without pleading it; in short, he may defend himself by every thing which shows that the plaintiff, *ex aequo et bono*, is not entitled to the whole of his demand, or to any part of it. 2 Gr. Ev., sec. 117; Ld. *Mansfield*, in *Moses* v. *Macferlan*, 2 Burr. 1005; *Dutch* v. *Warren*, cited by Ld. *Mansfield*, in *Moses* v. *Macferlan; Dale* v. *Sollet*, 4 Burr. 2133; *Astley* v. *Reynolds*, 2 Str. 915; *Guidon* v. *Hooper*, Cowper 414, and *Feltham* v. *Terry*, cited on page 419; *Smith* v. *Smith*, 2 Johns. 240.

An action for money had and received is maintainable whenever the money of one man has, without consideration, got into the pocket of another. *Hudson et al.* v. *Robinson*, 4 M. & Sel. 475, per Ld. *Ellenborough.*

In the case before us, $8 at least of the plaintiff's money got into the defendant's pocket, without any real consideration, through the positive and intentional fraud and imposition of the defendant, under a claim that he had paid or was to pay it to the stage driver for bringing the despatch from Plymouth to the Profile House. The supposed con-

sideration for the payment of the $8 wholly failed. The defendant neither brought the despatch from Plymouth to the Profile House, or paid, or was to pay, any one else for bringing it. The $8 may well be regarded as having been obtained from the plaintiff through imposition, extortion, oppression, or an undue advantage taken of his situation.. It was claimed and received for services never rendered, or as compensation for expenses never incurred. It was not claimed for any thing which the defendant had ever done and performed for the plaintiff. Although it passed, under such circumstances, from the pocket of the plaintiff to that of the defendant, the money still belonged in conscience to the plaintiff; the defendant was bound by the ties of natural justice and equity to refund it; and we think the plaintiff entitled to recover it back in this form of action, notwithstanding the findings of the court below. It would be a reproach to the administration of justice were it otherwise.

The finding of the court below, that the defendant did not promise, must therefore be set aside, and a new finding be entered, that he did promise, in manner and form as the plaintiff hath declared against him, and upon that finding a judgment be rendered for the plaintiff for the $8 claimed, with interest from the date of the writ.

*Judgment for the plaintiff.*