The principal contract, the bill of exchange sued on, though made in New Granada, was addressed to a corporation legally resident in New York, and was consequently payable there; and, upon general principles, the laws of this State are to be resorted to in ascertaining its nature and interpretation, and the duties and liabilities which it created. This is too well established to require a reference to books. The indorsement was also made in New Granada, but that is considered to be a separate contract, and the obligations of the parties to it are to be determined according to the law of the country in which it was made; so that if this was a question *Page 438 
between indorser and indorsee, we should have to resort to the laws of New Granada to ascertain what obligation Jimenes assumed by indorsing the bill to the plaintiffs. (Aymar v. Sheldon,
12 Wend., 439.) But the action is not against Jimenes, the indorser, but against the drawer; and it is the effect of the original contract and not of the auxiliary one, which is in question. By drawing the bill, the defendant undertook that the drawees in New York would pay it to Jimenes, the payee, or to his order, that is, to any person to whom it should be indorsed; and that if the drawees did not so pay it he would himself make such payment. The plaintiffs claim to be indorsees, according to the legal effect of the bill; and the question is, which law is to govern in determining whether they have acquired that character, that of New Granada or New York? If the former, the plaintiffs must fail, because they have not been constituted indorsees with the formalities which the laws of New Granada have prescribed for transferring a bill by indorsement. But the indorsement is in due form according to the laws of New York. I have not been able to find any authority for such a case; but I am of opinion that upon the reason of the thing, the laws of this State should be held to control. These laws are to be resorted to in determining the legal meaning and effect and the obligations of the contract. All the cases agree in this. In this case the point to be determined was, whether the plaintiffs were indorsees and entitled to receive the amount of the bill of the drawees. This was to be determined, in the first instance, when the bill was presented for acceptance and payment in New York. The plaintiffs title was written on the bill. The question was, whether it made them indorsees according to the effect of the words of negotiability contained in the bill itself. Those words and the actual indorsement were to be compared, and the legal rules to be employed in making that comparison, were found in the law merchant of the State of New York; and by those rules the indorsement was precisely such a one as the bill contemplated.
Besides, it is reasonable to suppose that, in addressing this bill to the drawees in New York, the defendant contemplated *Page 439 
that they would understand the words of negotiability according to the law of their own country; they would naturally be acquainted with that, while they would, in all probability, be ignorant of the Commercial Code of New Granada. When, therefore, he directed the drawees to pay to the order of the payee, he must be intended to contemplate that whatever would be understood in New York to be the payee's order, was the thing which he intended by that expression in the bill.
The case of Trimbey v. Vignier (1 Bing. N.C., 151) is not in hostility to this conclusion. That was the case of a note made in Paris, the maker and payee being domiciled there; and no place of payment being named, it was payable at the residence of the maker. One claiming to be an indorsee sued the maker in England; but the indorsement to him was in the common blank form used in Great Britain and in this country, while the French Commercial Code, like that of New Granada, required the indorsement of a bill or note to be dated, and to express the consideration, and declared that if it failed to conform to these requirements it should not transfer the paper, but should only amount to a power of attorney. The court held that the law of France governed the contract, and that the plaintiff had not made title to the note. Had it been made payable in England, I presume it would have been held that the law of that country furnished the rule for determining whether the indorsement was sufficient.
For the reasons thus briefly stated, I am of opinion that this case was rightly decided in the Supreme Court, and that the judgment should be affirmed.
GRAY, J., delivered an opinion for affirmance, on the grounds that the evidence in respect to the law of New Granada was inadmissible, such law not having been pleaded, and that the application to amend the pleadings at the trial was properly denied, because such amendment would introduce a wholly new defence in no way suggested by the original answer. Some of the judges concurred in this view of the case, but *Page 440 
all except GRAY, J., who expressed no opinion on the question there discussed, concurred in the opinion of DENIO, J.
Judgment affirmed.