LEE and others *vs.* GEORGE SELLECK, impleaded with Benjamin Selleck.

The general rule or principle is, that the construction, force and effect of a contract, and the rights of the parties under it, as distinguished from their remedies on it, are to be determined by the law of the place of the contract, unless the parties contemplated another place for performance; and if they did, then the law of the place so contemplated is to prevail.

Upon a sale of goods by the plaintiffs to B. S., in the city of New York, it was agreed between the parties that B. S. should give his promissory note for the price, to be indorsed by G. S. a resident of M. in the state of Illinois. A note, payable to the order of G. S. at M. was accordingly made and signed by B. S. and by him forwarded to G. S. in Illinois. G. S. on receiving the note, indorsed it, and sent the same by mail to B. S. at Beloit, Wisconsin, who enclosed the note, thus indorsed, to the plaintiffs at New York. *Held* that the note, and the indorsement, were independent contracts; the former to be performed in Illinois, and the latter in New York. That both the note and the indorsement were to be deemed made in New York; and that the question of the liability of G. S., as indorser, was to be determined by the law of New York, and not by the law of Illinois.

Accordingly *held* that a recovery could be had, in this state, against the indorser, without proving any attempt to collect the note of the maker by a suit against him.

THIS was an action brought against the defendant George Selleck as indorser, and Benjamin Selleck as maker of the following note:

"Dollars 3,378 $\frac{75}{100}$.

*New York, August* 19, 1857.

Eight months after date, I the subscriber, of Beloit, Rock county, state of Wisconsin, promise to pay to the order of George Selleck, thirty-three hundred seventy-eight and 75-100 dollars, at George Selleck's Bank, Morris, Illinois, value received with current exchange on New York.

BENJ. SELLECK.

(Indorsed.)    Payable to order, Lee, Murphy & Avery.

GEORGE SELLECK."

George Selleck, only, was served with process. The note was given for goods purchased of the plaintiffs by the maker, at New York: the defendant, having by telegraph agreed to indorse the note, before the goods were delivered. On this

Lee *v.* Selleck.

promise the goods were delivered, and the note forwarded to the defendant, at Morris, Illinois, for indorsement; it was indorsed by him and sent to the plaintiffs by the maker. When it became due, it was duly presented at Morris and protested for non-payment, and the plaintiffs proceeded thereon, by at‍tachment against the defendant George Selleck, as a non-resi‍dent debtor, and attached moneys belonging to him in the Park Bank, N. Y., sufficient to secure the debt. This action was commenced by the attachment. The plaintiffs reside in New York; the maker of the note, at its date and maturity, re‍sided at Beloit, Wisconsin; the defendant resided at Morris, Illinois. The defence arose under the statutes of Illinois, which require the holder of negotiable paper to proceed to judgment and execution against the maker, before an action will lie against the indorser. The action was tried by the court without a jury, and judgment ordered in favor of the de‍fendant George Selleck, for his costs. The plaintiff appealed.

*P. Y. Cutler,* for the plaintiffs.

*L. S. Chatfield,* for the defendant.

*By the Court,* SUTHERLAND, P. J. The complaint in this action alleges that the promissory note on which the ac‍tion is brought, was made and delivered by Benjamin Selleck in the city of New York, and that the defendant George Selleck indorsed the note, and caused it to be delivered to the plaintiffs in the city of New York.

The note on its face purports to have been made in New York; that is, it is dated at New York; and is payable at the bank of the indorser, George Selleck, Morris, Illinois.

George Selleck by his answer admits the execution, in‍dorsement, and delivery, and non-payment and notice of non-payment of the note as set forth in the complaint, but alleges that the note was indorsed by him at the town of Mount Morris in the state of Illinois, and that his contract of indorsement was made with reference to the laws of that

state, and was intended to be governed thereby; and he further alleges, that it is, and was the law of Illinois at the time he indorsed the note, that the indorser is liable only after an unavailing attempt by judgment against the maker to collect the note; and that no such judgment has been obtained against the maker.

The learned justice before whom the action was tried without a jury, found as facts; that Benjamin Selleck made and George Selleck indorsed the note, and that the same was duly presented for payment at the defendant, George Selleck's Bank at Morris, in the state of Illinois, and that payment was then and there demanded and refused, whereupon the note was duly protested for non-payment, and notice thereof given to the defendant George Selleck. He further found as facts, that at the time of the making of the note, the maker Benjamin Selleck was, and has continued to be a resident of Beloit, in the state of Wisconsin, and was at the time of making the note and ever since has been solvent; that the note was made by Benjamin Selleck in the city of New York, and by him forwarded thence to George Selleck at Morris, Illinois, where he then resided, and has continued to reside, for indorsement; and that George Selleck there wrote his indorsement thereon and thence returned the same to Benjamin Selleck at Beloit, Wisconsin, by whom the same was thence inclosed in a letter, and there mailed to the plaintiffs in New York, where the plaintiffs received it with George Selleck's indorsement thereon. The learned justice further finds that the note so made and indorsed was given for goods, sold and delivered by the plaintiffs to the defendant Benjamin Selleck, in the city of New York, on an agreement by him with them, to give said note so indorsed for the goods; and that the note was received by the plaintiffs by mail as aforesaid, about ten days after the sale and delivery of the goods. He further finds the law of Illinois to have been, at the date and maturity of the note, as alleged in the answer.

On these facts, the learned justice finds as a conclusion of

law, that the law of the state of Illinois governs the contract of indorsement and the liability of the indorser; and finding further, that the residence of the maker in Wisconsin at the time of the making and indorsement of the note, did not by the Illinois law relieve the plaintiffs from the necessity of prosecuting the maker to judgment before resorting to the indorser, decided that the plaintiffs were not entitled to recover against the defendant George Selleck, and that he was entitled to judgment against the plaintiffs for his costs; it having been admitted by the plaintiffs on the trial, that no suit or other proceedings had been commenced by the plaintiffs against the maker, Benjamin D. Selleck, except this action, and that he had not been served with process in this action.

The plaintiffs duly excepted to the conclusion or finding as matter of law, that the law of Illinois governed the contract of indorsement, and that the liability of George Selleck as indorser was to be determined and enforced according to that law; and the question is, whether this conclusion or finding was or was not erroneous. I think it was clearly erroneous. The general rule or principle is, that the construction, force and effect of a contract, and the rights of the parties to a contract under it, as distinguished from their remedies on it, are to be determined by the law of the place of the contract, unless the parties contemplated another place for performance; and if they did, then the law of the place so contemplated as the place of performance is to prevail. (*Hyde* v. *Goodnow*, 3 *Comst.* 267. *Everett* v. *Vendryes*, 19 *N. Y. R.* 436. *Aymar* v. *Sheldon*, 12 *Wend.* 439. *Smith* v. *Smith*, 2 *John.* 235. *Williams* v. *Wade*, 1 *Metc.* 82.)

If the contract is in writing, and the place of performance appears from the contract or writing itself, then of course the contract or writing itself is conclusive as to the law of the place which shall determine its construction, force and effect. (*Thompson* v. *Ketcham*, 8 *John.* 190.)

The note made by Benjamin Selleck, and the contract cre-

Lee *v.* Selleck.

ated by the indorsement of George Selleck, were independent contracts; the first was to be performed in Illinois; that is, the note was payable at Morris, in that state; but where was the contract of indorsement to be performed? Can there be a doubt, on the facts found by the learned justice, that the parties contemplated that the latter contract was to be performed in New York? What was the contract created by the indorsement? By indorsing the note, George Selleck undertook that if, when duly presented, it was not paid by the maker, he, the indorser, would upon being properly notified of the non-payment, pay the same to the indorsees, or other holder. Where? Can there be a doubt, that the indorser and indorsees contemplated, if the indorsees retained the note, that in default of payment by the maker, the indorser was to pay to the indorsees in New York? The maker, by the note, promised to pay at Morris, Illinois, but the indorser by his indorsement promised to pay to the indorsees in New York, if the maker did not pay at Morris, Illinois. The contract of indorsement was not only to be performed in New York, but on the facts found by the justice, the note and the contract of indorsement were both made in New York. Neither had any force or effect until they were delivered; and the note with George Selleck's name on it, was delivered to the plaintiffs in New York. This delivery and the acceptance by the plaintiffs, made both the note and the contract of indorsement effective instruments or things; and therefore it can be said with propriety and truthfulness of language, that both the note and the indorsement were made in New York. (*Hyde* v. *Goodnow*, 3 *Comst.* 267, *above cited.*)

It follows, that the question of George Selleck's liability as indorser was to be determined by the law of New York, and not by the law of Illinois; and that there should be a new trial of this action, with costs to abide the event.

[New York General Term, September 17, 1860. *Sutherland, Allen* and *Bonney*, Justices.]