## SUPREME COURT.

URIAH M. LEE and THOMAS MURPHY, survivors, &c., agt. GEORGE SELLECK, impleaded, &c.

Where an individual, a resident of the state of Wisconsin, purchased a bill of goods in the city of New York, on an agreement to give his note therefor, to be indorsed by a certain person residing in the state of Illinois; that the goods were delivered and the note executed by the maker in the city of New York, payable at the bank of the indorser in Illinois, where the indorser made his indorsement, and which was subsequently sent by the maker, by mail, and received by the vendors of the goods in New York, in pursuance of the agreement,

*Held*, that the contract of the maker was to be performed in Illinois; but the contract of the *indorser* was to be performed in *New York*, and was governed by the laws of New York.

*New York General Term, January,* 1861.
*Present* SUTHERLAND *and* ALLEN, *Justices.*

THIS was a motion by the plaintiffs for a new trial on exceptions. The facts will appear by the opinion of the court.

PETER Y. CUTLER, *for plaintiffs.*
LEVI S. CHATFIELD, *for defendant.*

By the court, SUTHERLAND, Justice. The complaint in this action alleges that the promissory note, on which the action is brought, was made and delivered by Benjamin Selleck, in the city of New York, and that the defendant, George Selleck, endorsed the note, and caused it to be delivered to the plaintiffs in the city of New York.

The note on its face purports to have been made in New York; that is, it is dated at New York; and is payable at the bank of the indorser, George Selleck, Morris, Illinois.

George Selleck, by his answer, admits the execution, indorsement, and delivery and non-payment of the note, as set forth in the complaint, but alleges that the note was indorsed by him at the town of Mount Morris, in the state of Illinois, and that his contract of indorsement was made with reference to the laws of that state, and was intended to be governed thereby; and he further alleges that it is and was the law of Illinois, at the time he indorsed the note, that the indorser is liable only after an unavailing attempt by judgment against the maker to collect the note; and that no such judgment has been obtained against the maker,

The learned justice, before whom the action was tried without a jury, found as facts, that Benjamin Selleck made and George Selleck indorsed the note, and that the same was duly presented for payment, at the defendant George Selleck's bank, at Morris, in the state of Illinois, and that payment was then and there demanded and refused, where-

upon the note was protested for non-payment, and notice thereof given to the defendant, George Selleck.

He further found as facts, that at the time of the making of the note, the maker, Benjamin Selleck, was and has continued to be a resident of Beloit, in the State of Wisconsin, and was at the time of making the note, and ever since has been, solvent; that the note was made by Benjamin Selleck in the city of New York, and by him forwarded thence to George Selleck, at Morris, Illinois, where he then resided, and has continued to reside, for indorsement; and that George Selleck there wrote his indorsement thereon, and thence returned the same to Benjamin Selleck, at Beloit, Wisconsin, by whom the same was thence enclosed in a letter, and there mailed to the plaintiffs in New York, where the plaintiffs received it with George Sellecks's indorsement thereon.

The learned justice further finds that the note so made and indorsed was given for goods, sold and delivered by the plaintiffs to the defendant, Benjamin Selleck, in the city of New York, on an agreement by him with them to give said note so indorsed for the goods; and that the note was received by the plaintiffs by mail as aforesaid, about ten days after the sale and delivery of the goods.

He further finds the law of Illinois to have been, at the date and maturity of the note, as alleged in the answer.

On these facts the learned justice finds, as a conclusion of law: that the law of the state of Illinois governs the contract of indorsement and the liability of the indorser; and finding further that the residence of the maker in Wisconsin at the time of the making and indorsement of the note, did not by the Illinois law, relieve the plaintiffs from the necessity of prosecuting the maker to judgment, before resorting to the indorser, decided that the plaintiffs were not entitled to recover against the defendant George Selleck, and that he was entitled to judgment against the plaintiffs for his costs; it having been admitted by the plaintiffs on

the trial, that no suit or other proceeding had been com-
menced by the plaintiffs against the maker, Benjamin D.
Selleck, except this action, and that he had not been served
with process in this action.

The plaintiffs duly excepted to the conclusion or finding
as matter of law, that the law of Illinois governed the con-
tract of indorsement, and that the liability of George Sel-
leck as indorser was to be determined and enforced according
to that law; and the question is, whether this conclusion or
finding was or was not erroneous; I think it was clearly
erroneous.

The general rule or principle is, that the construction,
force and effect of a contract, and the rights of the parties
to a contract under it, as distinguished from their remedies
on it, are to be determined by the law of the place of the
contract, unless the parties contemplated another place for
performance; and if they did, then the law of the place so
contemplated as the place of performance is to prevail.
(*Hyde* agt. *Goodnow,* 3 *Comstock,* 267; *Everett* agt. *Ven-
dryes,* 19 *N. Y. Rep.,* 436; *Aymar* agt. *Sheldon,* 12 *Wend.,*
439; *Smith* agt. *Smith,* 2 *John.,* 235; *Williams* agt. *Wade,*
1 *Metcalf,* 82.)

If the contract is in writing, and the place of perform-
ance appears from the contract or writing itself, then, of
course, the contract or writing itself is conclusive as to the
law of the place which shall determine its construction,
force and effect. (*Thompson* agt *Ketcham,* 8 *John.,* 190.)

The note made by Benjamin Selleck, and the contract
created by the indorsement of George Selleck, were inde-
pendent contracts; the first was to be performed in Illinois;
that is, the note was payable at Morris, in that state; but
where was the contract of indorsement to be performed?
Can there be a doubt on the facts found by the learned
justice, that the parties contemplated that the latter con-
tract was to be performed in New York? What was the
contract created by the indorsement? By indorsing the

note, George Selleck undertook that if, when duly presented, it was not paid by the maker, he, the indorser, would upon being properly notified of the non-payment, pay the same to the indorsers, or other holder. Where? Can there be a doubt, that the indorser and indorsees contemplated, if the indorsees retained the note, that in default of payment by the maker, the indorser was to pay to the indorsees in New York? The maker by the note promised to pay at Morris, Illinois, but the indorser by his indorsement promised to pay to the indorsers in New York, if the maker did not pay at Morris, Illinois. The contract of indorsement was not only to be performed in New York, but, on the facts found by the justice, the note and the contract of indorsement were both made in New York. Neither had any force or effect until they were delivered; and the note, with George Selleck's name on it, was delivered to the plaintiffs in New York.

This delivery, and the acceptance by the plaintiffs, made both the note and the contract of indorsement effective instruments or things; and therefore it can be said with propriety and truthfulness of language, that both the note and the indorsement were made in New York. (*Hyde* agt. *Goodnow*, 3 *Comstock*, 267, above cited.)

It follows that the question of George Selleck's liability as indorser was to be determined by the law of New York, and not by the law of Illinois; and that there should be a new trial of this action, with costs to abide the event.