## THE ARTISANS' BANK *vs.* THE PARK BANK.

Parties residing and doing business in the city of New York, there indorsed and procured to be discounted, a promissory note payable in Alabama. *Held* that the indorsement was a New York contract, and governed by the laws of New York.

By such an indorsement, the indorsers promise to pay the note in New York if, upon its being presented for payment in Alabama, payment is refused and they are duly notified of such demand of payment and refusal.

The case of *Lee* v. *Selleck* (22 *Barb.* 522) commented on and explained.

THIS action is to recover from the defendants the amount of a promissory note deposited with the defendants for collection, on the ground of a failure to protest and duly notify the indorsers of non-payment; and also, the costs of an action between the plaintiffs and the indorsers, in which

action these defendants, although they were notified of the day of trial, and to do so, yet failed to establish that they protested said note, or gave notice of non-payment. The note was made in New York, payable at Mobile ; was indorsed over in New York by the payees, a New York firm, to the plaintiffs. Both the parties herein do business in New York. The referee found the following facts, viz : That the parties are banking associations, duly incorporated under the general banking laws of the state of New York, doing business in the city of New York. That on or about the 7th day of March, 1860, one H. J. F. Coleman, for value received, made his certain promissory note in writing, bearing date on that day, whereby he promised to pay eight months after the date, to the order of John Vogt & Co., the sum of $554.93, value received, at the office of J. W. Olds & Co., at Mobile, state of Alabama. That Coleman thereupon delivered said note to said firm of John Vogt & Co., who thereupon indorsed the note to John Vogt & Co., and transferred the same for a valuable consideration to the plaintiffs. That said note was a good and valid security in the plaintiffs' hands against each and all of the parties, maker and indorsers of said note. That the plaintiffs thereupon, on or about the 19th day of October, 1860, indorsed and transferred the said note to the defendants for collection. That when said note became due and payable, the defendants so held said note and presented the same for payment, as in said note directed, and demanded payment thereof, which was refused, and said defendants failed to duly protest the same, or to notify the several indorsers, or either of them, of the non-payment of said note. That by reason of said failure to protest said note, or to notify the indorsers on the same, or either of them, the plaintiffs have lost their recourse to and upon the firm of John Vogt & Co., and have been and are wholly unable to hold said firm as indorsers of said note, or to collect the same from said firm. That on or about the 19th day of January, 1861, said firm of John Vogt & Co. sued these plaintiffs for

a balance of money held by them on deposit. That the plaintiffs set up as a counter-claim to the said action, that the said firm were indorsers upon the aforesaid note, and that said note was past due and had not been paid, and claimed to deduct the amount of said note from the moneys so held on deposit. That Vogt & Co. replied to said defense, that the note was not duly protested for non-payment, and that no notice of non-payment, or of any protest thereof, had ever been given to them. That such proceedings were thereupon had that judgment was rendered in favor of said John Vogt & Co., and against these plaintiffs, by which the plaintiffs were compelled to lose, and did lose, the amount of said note, together with costs, amounting to $97.31. And the referee found as conclusions of law : That the plaintiffs were entitled to recover from the defendants the amount of said note, viz. $554.93, with interest from the 10th day of November, 1860, and were entitled to have judgment rendered in their favor for said $554.83, with interest thereon from the 10th day of November, 1860, besides their costs and disbursements of this action. But that the plaintiffs were not entitled to recover from the defendants the sum of $97.31, claimed for costs in this action by John Vogt & Co. against these plaintiffs. It was claimed, on the trial, that the Alabama statutes did not require the indorser of such a note as this to be notified of non-payment, because the note was not payable at a bank or private banker's. It was also contended that the note was not a negotiable promissory note ; and therefore the indorsers were guarantors, and not indorsers. From the judgment entered on the report the defendants appealed.

*Townsend & Hyatt,* for the appellant.

*A. Prentice,* for the respondent.

*By the Court,* SUTHERLAND, J. The indorsement of John Vogt & Co. was undoubtedly a New York contract, and governed by the laws of New York.

By their indorsement, made in New York, John Vogt & Co., in effect, contracted to pay the note in New York, if upon the note being duly presented for payment at the office of J. W. Olds & Co., at Mobile, payment was refused, and they were duly notified of such demand of payment and refusal. (*Aymar* v. *Sheldon,* 12 *Wend.* 439. *Everett* v. *Vendryes,* 19 *N. Y. Rep.* 436. *Cook* v. *Litchfield,* 5 *Selden,* [9 *N. Y.*] 290.)

The decision in *Lee* v. *Selleck,* (32 *Barb.* 522,) was probably right, because probably on the facts found, the indorsement in that case was properly considered as made in New York; but so far as any thing was said in the opinion in that case, to the effect that if the indorsement was made in Illinois, it was a contract, in default of payment by the maker, to pay to the holder or indorsees in New York, the opinion is erroneous.

The contract of indorsement is undoubtedly a contract to pay where the indorsement is made.

What was said in any way inconsistent with this, in *Lee* v. *Selleck,* was said inadvertently, or at least without sufficient attention to the cases, and perhaps to principle. I say this with less hesitation, because I wrote the opinion in that case.

If the indorsement of John Vogt & Co. was a New York contract, it would seem to follow that the judgment in the principal case was right and should be affirmed, for the defendants admit by their answer that they assumed the duty of collecting the note for the plaintiffs; and ignorance of the law on their part, or on the part of their agents at Mobile, cannot excuse the omission of protest and due notice of non-payment to John Vogt & Co., the indorsers.

The judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]